THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY REIMNITZ, Defendant-Appellant.

First District (3rd Division)   No. 78-724

Opinion filed May 30, 1979.

O'Donnell & Murphy, of Chicago (Arthur J. O'Donnell and Sheila M. Murphy, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Nicholas P. Iavarone, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

On January 16, 1975, Larry Reimnitz found the strangled body of his wife, Linda, in their car inside the open garage of their home. Eight months later, after a day-long, intensive interrogation by the police, he confessed to murdering her. Although at trial he recanted this confession, a jury convicted Reimnitz of the murder.

On appeal, Reimnitz maintains that the use of his confession at trial was reversible error. He claims that the circumstances surrounding his confession rendered it *"per se* involuntary," and that its use at trial violated his constitutional protections. Reimnitz alleges that he was induced to visit the police station by false pretenses, and in that way he was deprived of the benefits of his attorney's presence; that prior to being interrogated, he was not given *Miranda* warnings; and that his confession was obtained by police promises of leniency and beneficial treatment.

Reimnitz also claims that he was denied a fair trial by the admission of evidence that he engaged in a homosexual act 7½ months after the murder. The act took place with a close friend of Reimnitz while they were on vacation together and the friend was sleeping and unconsenting. The friend had been visiting Reimnitz in his home at the time Linda's body was found. The State was allowed to elicit testimony regarding this incident from three witnesses (two police officers and the friend) despite repeated objections by Reimnitz's counsel. Besides objecting on the basis of its prejudicial nature, Reimnitz's counsel argued that such testimony was irrelevant because of the length of time between the murder and this incident. Although the trial judge recognized the prejudicial character of the testimony, he allowed its admission on the stated assumption that its relevancy would subsequently be established.

■■ Arguing in support of the admissibility of the evidence, the State maintains that such testimony revealed Reimnitz's motive for killing his wife—his homosexual preference. Under the facts of this case, we believe that the probative value of a single act which occurred 7 months after the murder introduced to establish a homosexual preference at the time of the

murder, let alone a motive for the murder, is far outweighed by its inflammatory effect upon the jury. Therefore, this evidence should not have been admitted.

■■ Otherwise acceptable evidence should be excluded if it tends to unduly prejudice the jury. As stated in McCormick, Evidence §185, at 438-39 (2d ed. 1972):

"Relevant evidence, then, is evidence that in some degree advances the inquiry, and thus has probative value, and is prima facie admissible. But relevance is not always enough. There may remain the question, is its value worth what it costs? There are several counterbalancing factors which may move the court to exclude relevant evidence if they outweigh its probative value. In order of their importance, they are these. First, the danger that the facts offered may unduly arouse the jury's emotions of prejudice, hostility or sympathy. Second, the probability that the proof and the answering evidence that it provokes may create a side issue that will unduly distract the jury from the main issues."

We believe that evidence of Reimnitz's homosexual act was objectionable for both of the reasons advanced in McCormick.

■■ Illinois courts have often reiterated the principle that evidence of other crimes which tends to inflame a jury should not be admitted. In *People v. Oliver* (1977), 50 Ill. App. 3d 665, 674, 365 N.E.2d 618, this court acknowledged that although "[e]vidence of another crime is admissible if it fairly tends * * * to prove * * * motive, * * * when the nature of the other crime is such as to highly inflame prejudice against defendant in the minds of the jury, it should be excluded." Courts must be hesitant to admit evidence which might "overpersuade the jurors and cause them to convict the defendant as an 'evil person' worthy of punishment rather than because he is guilty of the crime charged." *People v. Butler* (1978), 63 Ill. App. 3d 132, 139, 379 N.E.2d 703.

There is an additional reason for rejecting the evidence in question in this case. The nature of Reimnitz's defense, which involved recantation of his confession, depended upon his credibility. Proof that he engaged in a homosexual act for which he was never charged may not only have inflamed the jury to view Reimnitz as an evil person, but may also have impermissibly influenced the jury to discount his credibility. This likelihood is enhanced by the fact that Reimnitz and his friend contradicted each other in their testimony regarding what had actually occurred in the homosexual encounter.

Reimnitz had the right to be tried solely for the murder of his wife. We believe the admission of testimony proving his homosexual act prevented this. Evidence of this nature was more likely to prejudice the

jury against Reimnitz than to establish his guilt. Any suggestion that the incident in August 1975 proved a motive for the murder which occurred in January of that year is extremely tenuous.

Because reference to Reimnitz's homosexual act should not have been admitted, we reverse his conviction and remand this cause for a new trial. In so doing, we refrain from passing upon whether Reimnitz's confession was voluntary and therefore properly admitted at his trial. Further proceedings in this case may bring forth additional evidence bearing on this issue. For example, the State did not respond to Reimnitz's testimony that the deputy sheriffs who received his confession made implied promises of benefits and leniency to induce him to confess. We therefore believe that consideration of the admissibility of the confession would be premature at this time. The propriety of admitting the confession should be left open to be considered with such additional evidence as the prosecutor and the defendant may present on remand.

Reversed and remanded for a new trial.

McGILLICUDDY and RIZZI, JJ., concur.