THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LARRY R. REIMNITZ, Defendant-Appellee.

First District (3rd Division)    No. 80-856

Opinion filed June 17, 1981.—Rehearing denied July 24, 1981.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

O'Donnell & Murphy, of Chicago (Arthur J. O'Donnell, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Larry R. Reimnitz, was charged with the murder of his wife. In a trial presided over by Judge Robert J. Collins a jury convicted defendant of that charge and the court sentenced him to a term of 50 to 100 years. On appeal this court reversed the conviction and remanded the cause for a new trial on the grounds that improper evidence prejudicial to defendant had been received. (*People v. Reimnitz* (1979), 72 Ill. App. 3d 761, 391 N.E.2d 380.) On remand Judge William Cousins, Jr., granted defendant's motion to dismiss the indictment on the grounds that retrial of defendant pursuant to this court's mandate would violate his right against double jeopardy. The State appeals from the order dismissing the indictment.

The facts regarding the crime and conviction are set forth in the earlier opinion of this court:

> "On January 16, 1975, Larry Reimnitz found the strangled body of his wife, Linda, in their car inside the open garage of their home. Eight months later, after a day-long, intensive interrogation by the police, he confessed to murdering her. Although at trial he recanted this confession, a jury convicted Reimnitz of the murder."

At trial, over defendant's objections, evidence was presented that, 7½ months after the murder, defendant had engaged in a homosexual act with an unconsenting, close friend. The State maintained that the evidence of defendant's homosexual preference disclosed his motive for killing his wife. This court held that the probative value of the testimony concerning the homosexual act was far outweighed by its inflammatory effect upon the jury. On remand Judge Cousins held that the introduction of the foregoing evidence found to be improper by this court constituted "prosecutorial overreaching" and therefore prevented a second trial.

When a conviction is set aside for grounds other than sufficiency of the evidence, remand and a new trial are proper and are not a violation of the concept of double jeopardy. (*Price v. Georgia* (1970), 398 U.S. 323, 26 L. Ed. 2d 300, 90 S. Ct. 1757.) This is so even where the matter upon which the reversal of conviction is based involves violation of defendant's constitutional rights. (*Eubanks v. Louisiana* (1958), 356 U.S. 584, 2 L. Ed. 2d 991, 78 S. Ct. 970.) Where, however, a mistrial has been declared due to deliberate misconduct of the prosecutor calculated to deprive defendant of his right to a fair trial, the case cannot be tried a second time. (*United States v. Dinitz* (1976), 424 U.S. 600, 47 L. Ed. 2d 267, 96 S. Ct. 1075; *People v. Hill* (1975), 34 Ill. App. 3d 193, 339 N.E.2d 405.) Retrial has been held improper in such cases because to hold otherwise would

allow a prosecutor by improper conduct to abort or terminate a trial so as to have another chance to secure a conviction against the defendant. (*United States v. Jorn* (1971), 400 U.S. 470, 27 L. Ed. 2d 543, 91 S. Ct. 547; *People v. Pendleton* (1979), 75 Ill. App. 3d 580, 394 N.E.2d 496.) When a mistrial is made necessary due to judicial or prosecutorial overreaching, a retrial is manifestly unjust and violates the double jeopardy principle. *United States v. Dinitz*; *United States v. Martin* (8th Cir. 1977), 561 F.2d 135; *United States v. Kessler* (5th Cir. 1976), 530 F.2d 1246.

■■ Defendant here maintains that the absence of a declaration of a mistrial is unimportant. He urges that the significant factor in applying the double jeopardy concept is the prosecutorial overreaching involved in securing the original conviction. We find it unnecessary to reach the issue whether the declaration of a mistrial is essential to the application of the double jeopardy principle so as to prevent retrial. We simply find that there is no showing of deliberate misconduct on the part of the prosecutor calculated to deprive defendant of a fair trial. The State offered testimony that defendant engaged in a homosexual act. The State's purpose in adducing such evidence was to offer a motive for the murder of his wife. This court found that the probative value of such testimony was far outweighed by its inflammatory effect on the jury, and that its introduction into evidence constituted reversible error. In so holding, this court did not even suggest that the prosecutor had engaged in calculated misconduct. What had occurred was that evidence was incorrectly received into evidence. Upon remand, retrial was completely proper.

We find no merit in defendant's additional argument, not reached by Judge Cousins, that a statement contained in this court's earlier opinion regarding defendant's confession is a separate and distinct double jeopardy ground for not permitting retrial. In its opinion, this court stated:

"Because reference to Reimnitz's homosexual act should not have been admitted, we reverse his conviction and remand this cause for a new trial. In so doing, we refrain from passing upon whether Reimnitz's confession was voluntary and therefore properly admitted at his trial. Further proceedings in this case may bring forth additional evidence bearing on this issue. For example, the State did not respond to Reimnitz's testimony that the deputy sheriffs who received his confession made implied promises of benefits and leniency to induce him to confess. We therefore believe that consideration of the admissibility of the confession would be premature at this time. The propriety of admitting the confession should be left open to be considered with such additional evidence as the prosecutor and the defendant may present on remand." 72 Ill. App. 3d 761, 764.

■■ Despite this court's refusal to consider whether defendant's confes-

sion was voluntary and thus properly received in evidence, defendant maintains that the foregoing dicta amounts to a finding that the confession was improperly admitted. We think not, and we also believe that this court's unwillingness to consider the voluntariness of the confession has no effect upon the State's right to retry defendant following reversal and remand. Along with the interest of a defendant in receiving a fair trial is the corresponding interest of the People in securing the convictions of those guilty of criminal offenses. *United States v. Tateo* (1964), 377 U.S. 463, 12 L. Ed. 2d 448, 84 S. Ct. 1587.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing the indictment is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

RIZZI, P. J., and WHITE, J., concur.