THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARNELL LAWSON, Defendant-Appellant.

Fifth District   No. 5—88—0120

Opinion filed January 23, 1990.

Daniel M. Kirwan and Mary M. Menard, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOWERTON delivered the opinion of the court:

Defendant, jailed in St. Clair County on murder charges, told the police he did not want to be interviewed and requested an attorney. An attorney entered an appearance on defendant's behalf.

While in jail, defendant set his cell on fire, confessed, was charged with arson, convicted by a jury, sentenced to eight years, and appeals,

claiming: (1) that the State failed to prove the *corpus delicti* of arson; (2) that his confession was introduced into evidence in violation of *Edwards v. Arizona* (1981), 451 U.S. 477, 68 L. Ed. 2d 378, 101 S. Ct. 1880; and (3) that the trial court erred in admitting opinion testimony from lay witnesses concerning causation of the fire. We reject all his claims and affirm.

Defendant was housed in a single-man, maximum security, steel and concrete jail cell, the only access to which was through two locked doors. During the fire, the key hole to the jail cell's inner door was found filled with wet toilet tissue, and defendant was found beneath his steel bunk while a jail uniform, mattress, blanket and newspapers, piled in a heap upon the floor, smoldered and smoked.

The defendant argues that the State presented no proof of the *corpus delicti* of arson and that therefore it was error to deny his motion for a directed verdict at the close of the State's case.

■ Arson's *corpus delicti* consists of: (1) a burning, and (2) a fire of incendiary origin. *People v. Hannibal* (1913), 259 Ill. 512, 102 N.E. 1042; *People v. Lueder* (1954), 3 Ill. 2d 487, 121 N.E.2d 743.

The defendant relies on *Lueder* for the general rule that a *corpus delicti* cannot be proved by a confession alone. We do not quarrel with that formulation of the law. This case, however, is distinguishable from *Lueder*.

In *Lueder*, the sum of the evidence was that a tool shed on cemetery grounds was gutted by fire and that defendant was employed at the cemetery. There was no evidence that the fire was of incendiary origin. Therefore, there was nothing to support defendant's confession. Under these circumstances, the *corpus delicti* was proved only by Lueder's confession in violation of long-standing law that has been formulated to assure the trustworthiness of confessions. See *People v. Willingham* (1982), 89 Ill. 2d 352, 432 N.E.2d 861.

■ In this case, however, there is strong circumstantial evidence independent of defendant's confession that tends to show the fire was of incendiary origin. The defendant was the only person in the cell. The cell was a maximum security cell with steel walls and steel door. The only combustibles in the cell were all placed in a pile in the corner. Wet toilet paper had been placed in the key slot of the cell door from the inside in an effort to prevent someone from opening it.

These facts strongly imply that defendant deliberately set the fire. This evidence corroborates the confession, demonstrating its trustworthiness.

The Illinois Supreme Court in *Willingham* states:

"Although various criteria have been set forth for what is nec-

essary to establish the *corpus delicti,* we believe the most precise explanation was given in *People v. Perfecto* (1962), 26 Ill. 2d 228, 229, [186 N.E.2d 258,] where this court stated:

'The true rule is that if there is evidence of corroborating circumstances which tend to prove the *corpus delicti* and correspond with the circumstances related in the confession, both the circumstances and the confession may be considered in determining whether the *corpus delicti* is sufficiently proved in a given case.' " *Willingham,* 89 Ill. 2d at 359, 432 N.E.2d at 864.

The confession in this case was admissible because the *corpus delicti* had been proved. Therefore, the circuit court correctly denied the defendant's motion for directed verdict. A circuit court must determine only whether a reasonable mind could fairly conclude beyond a reasonable doubt that the defendant was guilty, considering the evidence most strongly in the State's favor. (*People v. Withers* (1981), 87 Ill. 2d 224, 429 N.E.2d 853.) Considering the circumstantial evidence against defendant, a reasonable person could conclude that the State had proved the *corpus delicti.*

■ Defendant next contends that it was error to admit into evidence his confession to Sergeant Hendricks. Because defendant had counsel on the murder charge, and Hendricks questioned him without his counsel being present, defendant argues that the questioning by Hendricks violated his fifth amendment right to counsel. Defendant relies on *Edwards v. Arizona* (1981), 451 U.S. 477, 68 L. Ed. 2d 378, 101 S. Ct. 1880, and *Arizona v. Roberson* (1988), 486 U.S. 675, 100 L. Ed. 2d 704, 108 S. Ct. 2093. His reliance on those cases would be well placed, but for his failure to timely assert his rights secured by these cases.

In *Edwards v. Arizona,* the U.S. Supreme Court held that once a suspect asks for an attorney, the police may not interrogate him further until counsel has been made available. In *Arizona v. Roberson,* the U.S. Supreme Court refused to carve out an exception to *Edwards* for situations wherein the police question a defendant about a crime unrelated to the one for which he is under arrest.

We believe defendant waived application of these cases by his failure to try to exclude Hendricks' testimony in a timely way.

The Illinois Code of Criminal Procedure requires a motion to suppress to be filed before trial. (Ill. Rev. Stat. 1985, ch. 38, par. 114—11(g).) Defendant, for whatever reason, and even though he had been alerted through discovery that the State intended to use it, neither filed a motion to suppress nor moved *in limine* to suppress

Hendricks' testimony as to the confession.

At the time Hendricks testified, therefore, defendant had not asked the court to exclude the confession on grounds of the rule stated in *Edwards v. Arizona* and *Arizona v. Roberson.*[1] Furthermore, defendant allowed Hendricks to prove orally the confession.

Hendricks' testimony and the circumstances surrounding it are critical to our resolution. The testimony was:

"Q. Did you tell him you wanted to talk to him about the fire at the jail?

A. Yes, I did. I then simply asked him what cell he was in. He tells me Cell 6 in Max E, and knowing the structure of the jail, that's a one-man cell. Nobody else could have been in there at that particular time. But I then asked him why did he set the fire—did he set the fire. I asked him first did he set the fire. He says yes, he did. And I then asked him why he set it, and he at that time initially told me that he was trying to get some attention, and then I asked him did he want to give me a statement to that effect and he said yes.

Q. What was his response?

A. He said yes."

Defendant's confession had just been given orally to the jury, and there was no objection.

Shortly thereafter, the State laid the evidentiary foundation for the written, signed confession and offered it into evidence. Only then did defendant object and move to strike Hendricks' testimony on the grounds that the rule in *Edwards v. Arizona* had been violated.

Had timely objections been made, *Edwards v. Arizona* would compel reversal. In this case, however, no timely objection was made. Defendant filed no motion to suppress, no motion *in limine* and made no objection to the oral account of the confession going into evidence against him.

Had the State stopped and not introduced the written confession, the circuit court never would have been called upon to make a ruling. But, the State pressed on and introduced the written confession, the contents of which the jury already had heard. Only then did defendant object and move to strike.

Had the objection been sustained, but the motion to strike denied, then defendant's confession still would have been before the jury through Hendricks' testimony.

---

[1]*Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, is not involved in this case.

Had the objection been sustained and the motion to strike granted, the confession would have been highlighted to the jury, and defendant most likely now would be complaining that the court's instruction to disregard could not remove the stain of the inadmissible evidence from the jurors' minds, and defendant, therefore, was deprived of a fair trial.

The upshot is this: defendant's failure to assert a timely objection forced the circuit court to choose between letting the case go forward or *sua sponte* declaring a mistrial. A mistrial under these circumstances would carry with it the attendant risk of retrial being barred by application of double jeopardy since it would have been declared because of prosecutorial misconduct. (*People v. Pendleton* (1979), 75 Ill. App. 3d 580, 394 N.E.2d 496; *People v. Reimnitz* (1981), 97 Ill. App. 3d 946, 423 N.E.2d 934.) Under these circumstances we find no error; we find the issue waived by defendant's failure to interpose either a timely motion or a timely objection.

■ Finally, defendant claims it was error for the court to allow three State witnesses to testify that defendant was relaxing and smiling after the fire and that they believed defendant set the fire because he was the only one in the cell. He says this testimony from these lay witnesses violates the opinion rule. *People v. Burton* (1972), 6 Ill. App. 3d 879, 286 N.E.2d 792.

Defendant again claims that the circuit court did a bad job in failing to interject into the trial to save defendant from the consequences of the way he chose to try his case. Defendant elicited these responses during his cross-examination of the witnesses and took the answers without objection.

A court is not obligated to exclude improper evidence where a defendant makes no objection, does not move to exclude it, or does not disclaim the answers. (*People v. Burage* (1961), 23 Ill. 2d 280, 178 N.E.2d 389.) Defendant waived any error by failing to object to two of the alleged errors and by failing to include any of the three allegations in his post-trial motion. *People v. Kennedy* (1986), 150 Ill. App. 3d 319, 501 N.E. 1004.

The circuit court is affirmed.

Affirmed.

HARRISON and GOLDENHERSH, JJ., concur.