THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RANDALL L. BAILEY, Defendant-Appellant.

Third District   No. 3—91—0907

Opinion filed July 9, 1993.

STOUDER, J., dissenting.

Joseph N. Ehmann, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael J. Herr, State's Attorney, of Aledo (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

A jury convicted the defendant, Randall L. Bailey, of one count of attempted murder and two counts of aggravated battery (Ill. Rev. Stat. 1991, ch. 38, pars. 8—4, 9—1, 12—4). He was thereafter sentenced to 24 years' imprisonment for the attempted murder conviction. He appeals. We affirm in part and vacate in part.

The record shows that the victim, Doug Bailey, is the brother of the defendant. Doug Bailey testified that on January 25, 1991, the defendant attacked him when he told the defendant not to call their mother names. He stated that the defendant "stomped" on his ribs and head. The defendant then pulled out a knife and held it to Doug's throat while stating "you're going to die."

Other evidence showed that the victim managed to escape and make his way to a house that was about a mile away. The weather was cold and he was dressed in only jeans and a T-shirt.

The medical evidence showed that Doug Bailey had a laceration on his left wrist, cuts and abrasions on his face, a broken nose, bruised ribs, and a long scratch on his neck. He underwent surgery to repair his wrist and suffered a 20% to 30% permanent loss of function in his left thumb.

The defendant testified that he and his brother had fought, but stated that his brother had started it by hitting him on the head with a can of beer. He did not remember the specifics of the fight, but knew he did not pull a knife. He also could not say how Doug was injured so severely. The defendant did not suffer any injuries.

Other evidence showed that no beer cans were found at the scene of the incident. In addition, several witnesses testified that the defendant was an unreliable source of information and untruthful.

On appeal, the defendant first argues that prosecutorial misconduct occurred when the State introduced irrelevant, unsubstantiated, and patently prejudicial evidence of child molestation allegations involving him. He also contends that prosecutorial misconduct occurred when the prosecutor repeatedly expressed his personal opinions as to the credibility of the witnesses and the strength of the evidence.

Initially, we note that the defendant did not object at trial to the remarks he now complains of on appeal. He did, however, raise the issues in his post-trial motion. We also note that while the defendant did object at trial to the introduction of the molestation evidence, he did not raise the issue in his post-trial motion. The State therefore argues that the issues are waived since the defendant did not raise them both at trial and in his post-trial motion.

We agree with the State and find that the errors the defendant now complains of on appeal are waived. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) Accordingly, we will only reverse if there was plain error, which is defined as error that either denies the defendant a fair trial or that occurs in a case where the evidence is closely balanced. *People v. Morgan* (1991), 142 Ill. 2d 410, 568 N.E.2d 755.

The State argues that the alleged errors were harmless since the evidence of the defendant's guilt was overwhelming. We agree and find that the errors were harmless even when viewed in their totality. We do not find plain error.

We first address the defendant's contention that the prosecutor improperly introduced inflammatory evidence. He notes that the prosecutor pursued an irrelevant line of questioning that resulted in the jury being exposed to unsubstantiated allegations that the defendant had sexually molested his own children. The prosecutor, during direct examination of the victim, elicited the following testimony:

"A. And then—and then [the defendant] said—he said, 'You Mom, and Dad are the reasons my kids are gone.'

Q. And what happened to his kids?

A. Well, my mom took them and put them on a plane back to their parents—or not the parents—back to their mom when she found out he had been molesting the kids.

DEFENSE COUNSEL: Objection, your Honor.

Q. And what happened?

THE COURT: Anything concerning the molesting or alleged molesting is to be disregarded. The jury's instructed to disregard. He's not on trial for that."

Thereafter, outside of the presence of the jury, the defendant moved for a mistrial, which was denied. While the trial court agreed the evidence was inflammatory, it found that it was not "so inflammatory as to make it impossible for the jurors to make a decision."

A prosecutor is ethically obliged to refrain from presenting improper prejudicial evidence or argument. To this end, a prosecutor is barred from presenting irrelevant evidence that serves no purpose but

to prejudicially inflame the passions and prejudice of the jury. (*People v. Reimnitz* (1979), 72 Ill. App. 3d 761, 391 N.E.2d 380.) We note that the erroneous admission of evidence of prior criminal activity carries a high risk of prejudice. (See *People v. Lindgren* (1980), 79 Ill. 2d 129, 402 N.E.2d 238.) In addition, we note that evidence regarding child molestation, in and of itself, carries a high risk of prejudice since such evidence is highly inflammatory.

■ The evidence of guilt in this case was overwhelming and the isolated reference to child molestation did not rise to the level of plain error. Any potential prejudice to the defendant was cured by the court's instructions to the jury to disregard the remark. Where a timely objection is made at trial the court can usually correct any error by sustaining the objection or instructing the jury to disregard the answer or remark. (*People v. Speight* (1992), 153 Ill. 2d 365, 373.) We find that the prosecutor's misconduct was properly cured by the trial court and this did not result in the defendant being deprived of a fair trial.

We now turn to the defendant's argument regarding the prosecutor's closing argument. On nine occasions during his closing argument, the prosecutor used the terms "I believe" and "I think," when commenting on the credibility of the witnesses and the weight of the evidence. The State argues that such comments are not errors *per se* and that they were proper in the case at hand because the prosecutor's comments were predicated on the evidence.

Error cannot be presumed simply because the prosecutor begins a sentence with such language, although we note that the better practice is to refrain from using sentences beginning with "I." (*People v. Baker* (1990), 195 Ill. App. 3d 785, 552 N.E.2d 421.) The comments complained of are as follows:

> "I think its obvious from Randy's own testimony that he's a violent person, that violence follows Randy Bailey.
>
> * * *
>
> So it's obvious that Sister Camille didn't believe Randy Bailey, and I don't think that you, as jurors, should believe Randy Bailey either.
>
> * * *
>
> I think you'll find that * * * Doug is, far and away, the more believable of the two witnesses.
>
> * * *
>
> I don't think there should be any doubt in your mind in this case as to any of the three offenses that Randy Bailey's been charged with, but I believe that there certainly shouldn't be a

reasonable doubt of his guilt. And for that reason, I ask that you find the defendant Randy Bailey guilty [of all charges].

\* \* \*

I think you'll find that [Doug's written statement] is remarkably consistent with his trial testimony.

\* \* \*

I don't think that if you look at Doug Bailey, which you've had a chance to do, that he looks like the kind of person that could drink 18 beers in four hours and still drive home.

\* \* \*

I believe [Doug] would have died in the snow if he hadn't made it to Cliff Anderson's farmhouse.

\* \* \*

And I don't think anybody on this jury would disagree with me that this [the knife with a 3" blade] is a deadly weapon, that this can be used to kill. I certainly think it looked like a deadly weapon to Doug Bailey on January 25, 1991.

\* \* \*

So I submit to you that this was definitely great bodily harm. If the same thing happened to any of you, I'm sure you would consider it great bodily harm."

The prosecutor, as the representative of the State, stands in a special relation to the jury. He must choose his words carefully so that he does not place the authority of his office behind the credibility of his witnesses. (*People v. Valdery* (1978), 65 Ill. App. 3d 375, 381 N.E.2d 1217.) He may express an opinion if it is based on the record. (*People v. Johnson* (1987), 119 Ill. 2d 119, 518 N.E.2d 100.) He may not, however, state his personal opinion regarding the veracity of a witness or vouch for a witness' credibility. (*People v. Wilson* (1990), 199 Ill. App. 3d 792, 557 N.E.2d 571.) In addition, the prosecutor should refrain from expressing opinions on judgments that lie within the province of the jury. *People v. Roach* (1991), 213 Ill. App. 3d 119, 571 N.E.2d 515.

It is clear that a prosecutor's statements should not be taken out of context but should be considered in their entirety to determine whether they are statements of personal belief or are based on the evidence presented at trial. (*People v. Dail* (1985), 139 Ill. App. 3d 941, 488 N.E.2d 286.) It is not improper for a prosecutor to state an opinion which is based on the record or on a reasonable inference drawn from the evidence. (*People v. Baker* (1990), 195 Ill. App. 3d 785, 552 N.E.2d 421.) Viewed in context, the statements of the prosecutor were based on the evidence presented and were not improper. We find

that they did not result in substantial prejudice to the defendant so as to deny him a fair trial. Under the circumstances, the plain error doctrine is inapplicable.

■ Finally, the defendant argues that his two aggravated battery convictions resulting from the same act as the attempted murder must be vacated. The State agrees, but denies that a remand for resentencing is required. Under *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, a defendant cannot receive multiple convictions based upon a single act or single set of circumstances. The defendant's aggravated battery convictions are accordingly vacated.

■ A review of the record *sub judice* leads us to the determination that the trial judge did not substantially consider the vacated convictions in his imposition of the 24-year sentence. Remandment is not required. (*People v. Robinson* (1984), 122 Ill. App. 3d 362, 461 N.E.2d 493).

Accordingly, the judgment of the circuit court of Mercer County is affirmed in part and vacated in part.

Affirmed in part; vacated in part.

BARRY, J., concurs.

JUSTICE STOUDER, dissenting:

I must respectfully dissent.

In this case, the defendant contends that reversible error occurred when the State introduced irrelevant and prejudicial testimony of child molestation allegations involving the defendant. The majority in this case finds that it was error for the evidence to have been introduced but nonetheless finds that the error was cured and harmless, given the overwhelming evidence of the defendant's guilt. I disagree.

As the majority notes, the erroneous admission of evidence of prior criminal activity carries a high risk of prejudice. I agree, but go further and note that evidence of child molestation carries a particularly high risk of prejudice to the defendant. There are few crimes more heinous and that evoke more outrage than sex crimes with a child victim. As such, evidence regarding such crimes is highly inflammatory and its prejudicial taint is unlikely to be cured by a trial court's admonishments to disregard the evidence. As the Illinois Supreme Court noted long ago, driving a nail into a board and then pulling out the nail does not remove the hole. *People v. Cepek* (1934), 357 Ill. 560, 192 N.E. 573.

Accordingly, I find that the admission of the child molestation evidence was so substantially prejudicial that its taint could not be cured by the court's admonishments to disregard it. I also find that the admission of the improper evidence was not harmless since the evidence of the defendant's guilt was not so overwhelming that it outweighed the prejudicial effect of the evidence.

Here, the record shows that the evidence of the incident basically consisted of the defendant's word against that of his brother, the victim. Both parties testified that they were arguing when the fight started. The defendant testified that his brother started the fight by throwing a beer can at him. He also stated that while he did not remember the specifics of the ensuing fight, he knew he did not pull out a knife. Lastly, he noted that although he had been in fights in the past, he never used a weapon.

The victim, on the other hand, stated that the fight started after the defendant became angry at him for telling him not to call their mother names. He testified that the defendant knocked him to the floor and "stomped" on his head and ribs. He also stated that it was the defendant who pulled out a knife.

Admittedly, evidence was elicited showing that the defendant may have been an unreliable source of information and untruthful. However, evidence was also elicited showing that the victim had once attacked another brother with a wrench when that brother had made a comment the victim did not like. On appeal, I note that since both witnesses lacked credibility, the evidence against the defendant cannot be characterized as overwhelming.

I also disagree with the majority's conclusion that reversible error did not occur during the prosecutor's closing argument. Here, the majority found the prosecutor's remarks to be proper since they were based on the evidence presented. Apparently, under the majority's view, a prosecutor is free to express his opinions or personal feelings on any topic as long as there is some basis in the record to support the opinion. This is clearly contrary to the law since it improperly places the authority and prestige of the State's Attorney office behind the credibility of a witness and the evidence.

While acknowledging that a prosecutor may not state his personal opinion regarding the veracity of a witness and that a prosecutor should refrain from expressing opinions on judgments that lie within the province of the jury, the majority nonetheless allows the prosecutor to do just that in this case. As the following three comments illustrate, several of the prosecutor's remarks were improper.

"So it's obvious that Sister Camille didn't believe Randy Bailey, and I don't think that you, as jurors, should believe Randy Bailey either.

* * *

I think you'll find that *** Doug is, far and away, the more believable of the two witnesses.

* * *

I don't think there should be any doubt in your mind in this case as to any of the three offenses that Randy Bailey's been charged with, but I believe that there certainly shouldn't be a reasonable doubt of his guilt. And for that reason, I ask you to find the defendant Randy Bailey guilty ***."

As these comments show, the prosecutor improperly expressed his opinion about the veracity of two of the witnesses. In addition, he improperly gave his opinion regarding the defendant's guilt, a judgment that clearly lies solely within the province of the jury. As such, I find that these comments amounted to plain error. Taken with the other comments in this case and the improper admission of evidence regarding the child molestation, I find that the defendant did not receive a fair trial. As such, I would reverse the defendant's conviction and remand the cause for a new trial.