THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERVIN DAVIS, Defendant-Appellant.

(No. 71-115;

Fifth District—January 12, 1972.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

Roland W. Griffith, Jr., State's Attorney, of Edwardsville, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

In a jury trial in the Circuit Court of Madison County, defendant Ervin Davis, was convicted of burglary and sentenced to the penitentiary for a term of not less than three nor more than ten years. The sole question in this appeal is whether an "entry" was made into a building sufficient to constitute the crime of burglary or whether, as defendant contends, the "entry" was unsuccessful making his crime one of attempt only and subject to a lesser penalty.

From the State's evidence alone, since defendant did not testify, it appears that defendant, and three others, were unknowingly observed by police officers as they endeavored to gain access to a television appliance store by pounding a hole through the wall. After a considerable period of time they left the premises and were apprehended by the police as they were driving away. Nothing was disturbed or missing from the store and the only tools found in possession of those arrested were a tire tool, some screw drivers and a wrench. The wall was constructed of two by fours, structural steel and plaster. Investigation revealed that a small hole had been forced through the wall, and some bits of plaster had fallen onto the inside floor. The size of the hole is not clear from the record but it was at least large enough that one could see into the store itself. Defendant argues that this evidence merely proves a frustrated and abortive attempt to burglarize and not an actual burglary.

■■ Ch. 38, Sec. 19—1(a) provides that, "A person commits burglary when without authority he knowingly enters * * * within a building * * * with intent to commit therein a felony or theft * * *" Obviously, the essence of the crime is unlawful entry and whether an entry is made depends upon the facts of an individual case. One could hardly argue that it would not be burglary for a person to break a very small hole in a jeweler's window through which he inserted his hand, or his fingers or a small hook or other instrument and thereby removed or attempted to remove a piece of jewelry. It is not the size of the hole that is determinative but rather, in our opinion, it is whether a hand or instrument was actually inserted into the hole for the purpose of committing the felony. The State's cases do not meet this issue. In *People v. Roldan,* 100 Ill.App.2d 81, the accused was found guilty of burglary for breaking a window in a store even though he did not enter, the court finding that his purpose in breaking the window was to facilitate the entry of the mob behind him including the men who did enter and who stole merchandise. In *People v. Songer,* 28 Ill.2d 433, the court held that breaking a sky light window and then removing a window grating three

feet below leaving the way clear to climb down into the building constituted an entry.

There does not appear to be an Illinois case on this particular issue, but other jurisdictions have considered it. In *Foster v. State (Fla.)*, 220 So.2d 406, it is stated that the entry may be made by an instrument instead of the body, but in such case, to be an entry, the instrument must be inserted not merely for the purpose of breaking but for the purpose of committing the contemplated felony. The court held that there was no evidence whatsoever that there had been any entry except a breaking by a crow bar, and since this was not an instrument which would have consummated the contemplated felony there was a failure to prove beyond a reasonable doubt that the defendants entered the building. In *State v. O'Leary*, (N.J.), 107 A2d 13, a door was pried loose and several holes were punched through the panel of the door. The court held that such evidence proved a breaking but not an entry; that the intruders were frightened away before effecting an entry; that nothing was stolen nor were there any reasonable inferences that any part of a person's body intruded into the building or that any instrument was inserted for the purpose of consummating a theft as distinguished from a mere breaking. See also 12 CJS, Burglary, Sec. 10, which states it is necessary that the instrument be put within the house and that it be inserted for the immediate purpose of committing the felony or aiding in its commission and not merely for the purpose of making an opening to admit the hand or body, or in other words, for the sole purpose of breaking.

We agree with this principle and find in the case before us that the evidence is wholly insufficient to prove defendant guilty beyond a reasonable doubt of effecting an entry into the premises either by any portion of his person or by an instrument inserted for the purpose of committing the contemplated theft. Rather, as defendant admits, the evidence proves him guilty only of an abortive attempt to commit burglary, voluntarily abandoned prior to effecting the entry necessary to such crime.

Under these circumstances, and in accordance with the power vested in this court by Supreme Court Rule 615(b) (3). (Ill. Rev. Stat., 1969, ch. 110A, par. 615(b) (3) ), we reduce the degree of the offense to attempt to commit burglary (Ill. Rev. Stat., 1969, ch. 38, par. 8—4) which offense defendant admits and of which he is clearly guilty. The sentence imposed by the circuit court of Madison County is vacated and the cause remanded for re-sentencing. *People v. Borden*, 84 Ill.App.2d 442.

Judgment modified and cause remanded for re-sentencing.

MORAN, P. J., and EBERSPACHER, J., concur.