■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN JACOB, Respondent.—Appeal by the People, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated January 16, 1976, as granted the branch of defendant's motion which sought an inspection of the Grand Jury minutes and dismissal of the indictment, and did so with leave to resubmit to the same or another Grand Jury. Order affirmed insofar as appealed from. The evidence against defendant before the Grand Jury consisted largely of the testimony of the detective who had investigated the June 14, 1975 burglary of the Transfiguration Church parish hall. The detective testified that entry had been gained by means of the removal of louvers from a window at the side of the building. The window was in a "fenced-in area"; access could only be had by climbing over a 12-foot-high wall and fence. When the detective arrived at the scene, the louvers were lying on the side of the building. He processed the louvers for fingerprints and discovered two prints which were subsequently identifed as belonging to the defendant. This evidence, even though unexplained and uncontradicted, would not warrant a conviction by a trial jury (see *People v Potwora,* 44 AD2d 207). The evidence against defendant was circumstantial and we are unable to conclude that the evidence adduced did "exclude 'to a moral certainty' every hypothesis but guilt" (see *People v Wachowicz,* 22 NY2d 369, 372). The People's reliance on *Stevenson v United States* (380 F2d 590) is misplaced. In *Stevenson* fingerprints had been found on a metal box, underneath a glass table top, and on the bottom of a tea cannister, all of which had been *inside* the burglarized premises since they were purchased. The items had all been purchased more than two years prior to the burglary and there was expert testimony that the fingerprints could last up to two years under ideal conditions. By contrast, there was no testimony in the

case at bar as to whether the fingerprints were on the "inside" or "outside" surfaces of the removed louvers (cf. *People v Gates,* 24 NY2d 666 [where the location and position of fingerprints pointed ineluctably to defendant's guilt]); nor was there testimony as to how long the prints were or could have been present (cf. *People v Gates, supra,* where the fingerprints were "apparently fresh"). The fact that access to the window could only be had by scaling a 12-foot wall is meaningless absent further information as to (a) the nature of the area between the wall and church hall and (b) whether the scaling of the wall was a regular or isolated circumstance. The area between the wall and the church hall might well have been a play yard for neighborhood youngsters; if the wall had been frequently scaled in the past no inference could be drawn that the fingerprints on the window louvers had been left there by the perpetrators of the burglary in question. Accordingly, the motion to dismiss the indictment was properly granted. Cohalan, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.