THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT DAIL, Defendant-Appellant.

Third District    No. 3—84—0734

Opinion filed December 31, 1985.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Raymond L. Beck, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

Following a jury trial in Will County, the defendant, Robert Dail, was found guilty of burglary and theft. He was sentenced to concurrent terms of imprisonment of three years and 364 days.

At trial, the State established that the battery was stolen from an automobile belonging to Frank Turk. A witness testified that he saw three black males open the hood of Turk's car. One of the men, later identified as the defendant, reached into the engine compartment, cut some wires and removed the battery. The perpetrators carried the battery to another car and drove away. The witness called the police.

Later that day, the police stopped a car which matched a description given by the witness. The arresting officer testified that the defendant and two passengers got out of the car. A battery, later identified as belonging to Mr. Turk, was found on the floor in the back seat of the car.

The defendant argues that the State failed to prove the defendant guilty of burglary beyond a reasonable doubt because there was no proof of an entry into Turk's car. A person commits burglary when without authority he knowingly enters a motor vehicle *or any part thereof* with intent to commit therein a felony or theft. Ill. Rev. Stat. 1983, ch. 38, par. 19—1.

The record before us establishes that the defendant, or one of his

accomplices, opened the hood of Turk's car. Defendant then reached inside of the engine compartment of the car and removed the battery. In doing so, the defendant's arms and hands entered a part of the automobile for the purpose of committing a theft. Consistent with our burglary statute, the defendant knowingly and without authorization entered the engine compartment of a motor vehicle which is an integral part thereof. Intrusion of the whole body is not required. (See *People v. Frey* (1984), 126 Ill. App. 3d 484; *People v. Palmer* (1980), 83 Ill. App. 3d 732.) We find that the State has proved the elements of burglary beyond a reasonable doubt.

■ Next, the defendant argues that his conduct is excluded from the burglary statute by the last sentence of section 19—1 (Ill. Rev. Stat. 1983, ch. 38, par. 19—1), which states that: "This offense shall not include the offenses set out in section 4—102 of the Illinois Vehicle Code ***."

A person violates section 4—102 of the Vehicle Code by damaging a vehicle or damaging or removing any part or component of a vehicle. (Ill. Rev. Stat. 1983, ch. 95½, par. 4—102.) Section 4—102 has been construed as an antitampering or vandalism statute applicable only to acts performed without intent to commit theft. *People v. Lanpher* (1978), 59 Ill. App. 3d 825; *People v. Joyner* (1978), 57 Ill. App. 3d 948; *People v. Bournes* (1977), 55 Ill. App. 3d 237.

The defendant urges us to disregard these cases, arguing that acts performed without intent to commit theft would not fall within the burglary statute in the first place. Therefore, the exclusionary language of section 19—1 is meaningless. Since the legislature cannot be assumed to have engaged in a useless act, the defendant contends that the reasoning of *Bournes*, *Joyner* and *Lanpher* should be rejected.

Although it appears that the exclusionary language of section 19—1 may be rendered superfluous in some cases, the defendant's interpretation would exclude from the burglary statute entries into motor vehicles for the purpose of committing a theft. We do not believe that the legislature intended to treat such conduct as a Class A misdemeanor under section 4—102 of the Vehicle Code. Such a result would be absurd.

The burglary statute is intended to punish those persons who enter vehicles with the intent to commit theft. Section 4—102 is intended to punish those persons who enter a vehicle with intent to do malicious mischief. Each statute deals with a specific and identifiable evil and attempts to provide an appropriate remedy for each. (*People v. Lanpher* (1978), 59 Ill. App. 3d 825.) We find that the defendant

was properly charged with burglary.

The final issue is whether the prosecutor improperly expressed his personal opinion during closing argument as to the guilt of the defendant. A prosecutor may not give his own opinion unless he states, or it is apparent, that the opinion is based solely on the evidence. The prosecutor's statement should not be taken out of context but should be read in its entirety to determine whether it is a statement of personal belief or is based on the evidence presented at trial. *People v. Tiller* (1982), 94 Ill. 2d 303.

The record reveals that before and after giving his opinion as to the defendant's guilt, the prosecutor clearly stated that the jury must base their decision on the facts and that he would discuss the facts in relation to his comment on the defendant's guilt. The prosecutor's opinion was based on the evidence and was properly given.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

SCOTT and WOMBACHER, JJ., concur.