[No. 26964-0-I. Division One. May 18, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. STEWART
SCOTT BERGLUND, *Appellant.*

*Rita Griffith* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Rod H. Scarr, Deputy,* for respondent.

SCHOLFIELD, J. — Stewart Scott Berglund appeals his conviction of second degree attempted burglary, arguing the information failed to allege all of the essential elements of the crime and that the court erred in instructing the jury that it could infer intent to commit a crime from entry into the property. Finding no error, we affirm.

## FACTS

Late in the evening of September 18, 1989, police received a report of a burglary in progress at ABC Skin & Nails (ABC) in Bellevue. When Officer Harvey Gjesdal arrived at the rear of ABC, he discovered a double-pane window broken in the lower left corner. There was a rock on the floor inside the building.

Gjesdal recovered five fingerprints from the glass that remained; one on the outside of the outside pane, and four on the inside of the outside pane. The fingerprints matched those of Berglund.

The information charged Berglund with attempted burglary in the second degree, stating that he "did attempt to enter and remain unlawfully in a building . . . with intent to commit a crime against a person or property therein".

Berglund testified that he was generally familiar with the building involved, having visited there on numerous occasions. He presented an alibi defense in which he claimed he had left on a trip to California a few days before the attempted burglary.

Jury instruction 10 reads as follows:

A person who enters or remains unlawfully in a building may be inferred to have acted with intent to commit a crime against a person or property therein. This inference is not binding upon you and it is for you to determine what weight, if any, such inference is to be given.

Defense counsel took timely exception to the above instruction, stating that it should not be given because there was no evidence that the defendant entered the building.

## INFORMATION NOT DEFICIENT

Berglund contends the information charging attempted burglary failed to allege the essential statutory element of taking a substantial step toward commission of a crime. He asserts that because of this deficiency, the trial court had no subject matter jurisdiction.

The State responds that all statutory elements were alleged in the information, and that Berglund failed to object to the information during trial, and does not allege that he was prejudiced by the information.

Former RCW 9A.52.030 defines burglary in the second degree as follows:

(1) A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle.

A person is guilty of a criminal attempt if, "with intent to commit a specific crime, he does any act which is a substantial step toward the commission of that crime." RCW 9A.28-.020.

■ In order to give notice to an accused of the nature and cause of the accusation against him, all essential elements of the crime must be included in the charging document. *State v. Leach*, 113 Wn.2d 679, 689, 782 P.2d 552 (1989); *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991).

Berglund contends the allegation that he "did attempt to enter and remain unlawfully in a building" does not allege that he took a "substantial step".

■ *State v. Kjorsvik, supra,* was decided after the filing of Berglund's appellate brief. *Kjorsvik* establishes a 2-prong standard of review when the issue of sufficiency of the charging document is raised for the first time on appeal, which is the situation here. *Kjorsvik* holds the information is sufficient if the elements appear in any form or by reasonable construction can be found. This means facts can be used which are necessarily implied from the language employed. The second prong addresses whether the defendant was "actually prejudiced by the inartful language which caused a lack of notice". *Kjorsvik,* at 106.

■ While not using the phrase "substantial step", the information's allegation that he attempted to enter and remain in a building put Berglund on notice that he could defend himself by showing that he did not attempt to enter ABC unlawfully. An "attempt", in ordinary understanding, means "to try to do". To say one "attempted" implies that one or more steps were taken toward accomplishing the objective. We are satisfied that the allegation he "did attempt to enter . . . with intent to commit a crime . . . therein" is sufficient to give notice of the requirement of a "substantial step" toward the commission of a crime.

Our reasoning on this issue is supported by the recent opinion of this court in *State v. Rhode,* 63 Wn. App. 630, 821 P.2d 492 (1991), *review denied,* 118 Wn.2d 1022 (1992), wherein we held that the word "attempt" satisfied the "substantial step" element in a charge of attempted second degree murder.

Berglund does not argue that he was prejudiced by the omission of the words "substantial step" from the information. The certificate of probable cause and the trial court's "to convict" instruction can be used to evaluate a claim of prejudice. *Kjorsvik,* at 111. A review of those documents makes it clear that Berglund suffered no prejudice.

The *Kjorsvik* court specifically rejected the argument made here that if a charging document was defective, the court lost subject matter jurisdiction. *Kjorsvik,* at 108.

We hold the information in this case is constitutionally sufficient.

### INSTRUCTION ON INFERRING INTENT

If the jury found Berglund entered the building, instruction 10 permitted the jury to infer that he entered with intent to commit a crime therein.

■ Entry is defined as the entrance of a person, "or the insertion of any part of his body". RCW 9A.52.010(2).

Berglund argues there was no evidence from which the jury could find he entered the building, and that instruction 10 was therefore improper, citing *State v. Jackson*, 112 Wn.2d 867, 774 P.2d 1211 (1989). We disagree.

The fingerprint evidence permits such a finding. The combined testimony of Officer Gjesdal, who conducted the initial investigation, and Won Boon Park, a fingerprint expert employed by the King County police, established the existence of five of Berglund's fingerprints on the broken window remaining in the frame. All of these prints were on the exterior pane of the broken thermal pane (double pane) window. Four of the prints were on the inside of the exterior pane. These were prints from the right index, the right middle, right ring, and left index fingers. The fifth print was a print of the left thumb on the outside surface of the window on the edge where some of the glass had been broken out. The prints were located in a pattern consistent with an effort by one standing outside the building to break out more glass by pulling it outward. The prints on the inside of the pane could not be made without the hands breaking the plane between the inside and outside of the building. From such evidence, the jury could find that all or portions of Berglund's hands were inside the building during the effort to break the glass.

Thus, the evidence in this case is very comparable to the evidence in *State v. Bassett*, 50 Wn. App. 23, 746 P.2d 1240 (1987), *review denied*, 110 Wn.2d 1016 (1988), where there was evidence that the defendant's fingers made smudges on the inside of a window. The *Bassett* court rejected the

defendant's claim there was no evidence of entry and held at page 27 as follows:

> Here, evidence of the insertion of a finger to remove pieces of glass is sufficient to justify the court's conclusion that a rational jury could find that Adamson unlawfully "entered" the Borgford home. Under these circumstances, therefore, the giving of the inference of intent instruction was not error.

Berglund's reliance on *State v. Jackson, supra,* is misplaced. The basic premise underlying the reasoning of the *Jackson* court is that there was no evidence of an entry into the building.

> In order to give an instruction that an inference of an intent to commit a crime existed in a burglary case, there must be evidence of entering or remaining unlawfully in a building. The instruction on intent cannot be given without evidence to support it and that must place the defendant within a building. *State v. Ogden,* 21 Wn. App. 44, 49, 584 P.2d 957 (1978).

*Jackson,* at 876.

The *Jackson* case also holds the instruction permitting an inference of intent cannot be given when the conduct is equivocal. The *Jackson* court reasoned the defendant's conduct could support two inferences: attempted burglary or vandalism. *Jackson,* at 876. The objection to the instruction based on equivocal conduct does not apply here. Throwing a rock through a window, without more, would support a charge of vandalism. However, in this case, Berglund then proceeded to try to create a larger opening by breaking away or attempting to break away more window glass. This evidence is reasonably consistent only with an attempt to get into the building.

*Jackson* does not support Berglund's argument that giving the instruction on inferring intent was error.

Judgment affirmed.

PEKELIS and AGID, JJ., concur.

Review denied at 119 Wn.2d 1021 (1992).