THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
EDWARD CABAN, Defendant-Appellant.

Second District   No. 2—91—0855

Opinion filed November 19, 1993.

G. Joseph Weller and Barbara R. Paschen, both of State Appellate Defender's Office, of Elgin, for appellant.

Dallas C. Ingemunson, State's Attorney, of Yorkville (William L. Browers, Robert J. Biderman, and James W. Dodge, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DOYLE delivered the opinion of the court:

Following a bench trial in the circuit court of Kendall County, defendant, Edward Caban, was convicted of residential burglary (Ill.

Rev. Stat. 1991, ch. 38, par. 19—3(a) (now 720 ILCS 5/19—3(a) (West 1992))) and felony theft (Ill. Rev. Stat. 1991, ch. 38, par. 16—1(a)(1)(A) (now 720 ILCS 5/16—1(a)(1)(A) (West 1992))). The sole issue raised on appeal is whether defendant was proved guilty of residential burglary beyond a reasonable doubt.

Sometime before lunch on January 8, 1991, Linda Kopacz left her home to register at a local college. She returned at approximately 2:30 or 3 p.m. and discovered that the side door had been broken down. A search of the house revealed that the following items were missing: a Fisher portable stereo; a jewelry box shaped like a pirate's chest which contained various items, including an AT&T calling card issued to Thomas Kopacz; a Narco aircraft radio; an AT&T portable telephone with a plug-in cord; a white flat case with gold trim containing numerous pairs of earrings; a VCR; and a 35-millimeter Nikon camera and various camera accessories, including a Sigma lens.

At approximately 1:37 p.m. on that same date, officers Ronald Grimes and Thomas Rosebush of the Kane County sheriff's department, while traveling northbound on Hill Avenue, executed a traffic stop of a red Ford Tempo. The driver of the vehicle was Robert Seidelman, and defendant was a passenger. Grimes observed a treasure chest-shaped jewelry box and a Nikon camera with a long lens on the floorboard of the car at defendant's feet. Defendant claimed that the camera was his and that the jewelry box belonged to his girlfriend, Rhonda Parker. Defendant consented to further examination of the items, and Grimes found a phone card bearing the name "Thomas Kopacz" inside the jewelry box. Defendant claimed that this card belonged to his girlfriend's boss and that she used it when she made business calls from her residence. Grimes also found an RCA VCR, a Fisher portable stereo, and an AT&T cordless phone in the backseat of the car. Defendant claimed that these items also belonged to his girlfriend and him. Additionally, the police identified an aircraft radio that they had seen in the vehicle. These items and their serial numbers were listed by the officers.

On January 9, 1991, Detective Martin A. Lincoln of the Kendall County sheriff's department and other police personnel executed a search warrant at the residence of defendant's girlfriend, Rhonda Parker, and recovered a Narco aircraft radio, an AT&T cordless phone, and a case for a Sigma camera lens. Lincoln also measured the distance from the burglarized residence to where the officers had stopped the red Tempo on the previous day, and he determined that distance to be approximately 4.3 miles.

Defendant testified that he had been at his girlfriend's home on January 8, 1991. Between 11:30 a.m. and noon, he left and walked to his mother's house, where he was living, arriving at approximately 12:30 p.m. Defendant claimed that at approximately 12:45 p.m., Robert Seidelman arrived at defendant's mother's house and enlisted defendant to help sell some items for drugs. These items included a VCR, a camera, and a jewelry box. Defendant testified that they went to a barn a half-mile away from a skating rink, but the individual they hoped to meet was not there. Defendant claimed that they then started to head back and were pulled over by the police. Defendant admitted that he told Grimes that the jewelry box belonged to his girlfriend and that he thought the phone card belonged to her uncle, but he denied ever claiming that the items were his. Defendant testified that he suspected that the items were stolen, and he admitted that he had lied to the police about the items. He also admitted that the items recovered from Rhonda Parker's house were the same ones that had been in the car with him on January 8. Defendant acknowledged that he had two prior felony convictions of residential burglary from 1982 and 1983.

The trial court found defendant guilty of both theft and residential burglary. The only question raised by defendant on appeal is whether there was sufficient evidence presented to support his conviction of residential burglary. In support of his argument, defendant relies upon the Illinois Supreme Court's decision in *People v. Housby* (1981), 84 Ill. 2d 415, for the proposition that exclusive and unexplained possession of recently stolen property is not, of itself, sufficient to support a burglary conviction. The State argues that sufficient evidence was presented to satisfy the criteria set forth in *Housby*.

The standard for reviewing whether sufficient evidence was presented to support a criminal conviction is whether, after considering all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. (*People v. Wittenmyer* (1992), 151 Ill. 2d 175, 190; *People v. Campbell* (1992), 146 Ill. 2d 363, 374.) This standard is applicable in criminal cases regardless of whether the evidence is direct or circumstantial. (*Campbell*, 146 Ill. 2d at 374.) A reviewing court will not substitute its judgment for that of the trier of fact on questions involving the weight of the evidence or the credibility of witnesses and will not reverse a criminal conviction unless the evidence is so unreasonable, improbable, or unsatisfactory as to justify

a reasonable doubt of the defendant's guilt. *Campbell*, 146 Ill. 2d at 375.

■■ *Housby* addressed the use of presumptions and inferences in light of the United States Supreme Court's decisions in *County Court v. Allen* (1979), 442 U.S. 140, 60 L. Ed. 2d 777, 99 S. Ct. 2213, and *Sandstrom v. Montana* (1979), 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450. The court concluded that the use of presumptions involving permissive inferences, where the fact finder is given the option of ignoring or relying upon the inference, requires "as a minimum that there be a 'rational connection' between the facts proved and the facts presumed." (*Housby*, 84 Ill. 2d at 420, citing *Tot v. United States* (1943), 319 U.S. 463, 467, 87 L. Ed. 1519, 1524, 63 S. Ct. 1241, 1245.) The court noted, however, that "where the permissive inference stands unsupported by corroborating circumstances, the leap from the proved fact to the presumed element must satisfy the higher standard—proof beyond a reasonable doubt—for there is nothing else on which to rest the fact finder's verdict of guilt." (*Housby*, 84 Ill. 2d at 421.) The court went on to overrule previous decisions in Illinois holding that the exclusive and unexplained possession of recently stolen property was sufficient, standing alone and without corroborating evidence of guilt, to support a burglary conviction. (*Housby*, 84 Ill. 2d at 423.) Instead, the court limited the use of this permissive inference to cases in which it was considered in conjunction with other circumstantial evidence of guilt. (*Housby*, 84 Ill. 2d at 424.) Applying *Housby*'s analysis, defendant's due process rights would not be infringed by the trial court's reliance on the inference if:

> "(i) there was a rational connection between his recent possession of property stolen in the burglary and his participation in the burglary; (ii) his guilt of burglary is more likely than not to flow from his recent, unexplained and exclusive possession of the burglary proceeds; and (iii) there was evidence corroborating [defendant's] guilt." (*Housby*, 84 Ill. 2d at 424.)

The same evidence will apparently satisfy all three prongs of the *Housby* test. *People v. Mallette* (1985), 131 Ill. App. 3d 67, 71.

■ As noted by the court in *Housby*, facts are sufficient to establish a "rational connection" between recent possession of property and participation in a burglary if the inference that defendant obtained the items by burglary is not unreasonable. (*Housby*, 84 Ill. 2d 415.) In the present case, defendant was stopped by the police while riding in a car containing the stolen property. It is of particular importance that defendant's possession was proximate to both the time and location of the burglary. It was not unreasonable for the trial

court to have inferred from this evidence that defendant and Seidelman committed the burglary and were leaving the scene when they were serendipitously stopped by the police.

The fact that a defendant is discovered in recent, unexplained possession of the proceeds of a burglary can support the inference that the defendant participated in the burglary itself, as well as the inference that the property was delivered to him sometime after the burglary. While both inferences may be plausible, the likelihood of the former increases with the proximity in time and place to defendant's discovered possession of the stolen items. Although discovering an individual walking from a recently burglarized building in possession of the proceeds does not necessarily preclude the inference that a passerby had just sold the items to the individual, the likelihood of this scenario seems remote in comparison to the likelihood that the individual is the actual burglar.

Defendant argued that he became involved with Seidelman after the burglary merely to dispose of the property and that, coincidentally, going to their "fence" took them within five miles of the crime scene. Defendant also admittedly provided a false statement to police about the ownership of these items, several of which were ultimately recovered from his girlfriend's residence. Examining the plausibility of defendant's explanation of events against the theory urged by the State, in light of the totality of the evidence, we find it reasonable for the trial court to have concluded that it was more likely that defendant was a participant in the burglary as opposed to a mere subsequent possessor of the proceeds.

Finally, there was evidence presented which corroborated defendant's guilt. While the time and location of defendant's possession were factors corroborative of his guilt, it is also clear, from defendant's own statements, that his possession of the burglary proceeds was not honest; he admittedly attempted to deceive the police to hide his wrongful possession of the burglary proceeds. Several of the items were then taken to the residence of defendant's girlfriend, a circumstance left unexplained by defendant's testimony.

Additionally, as noted in *Housby*, sufficient corroboration is presented where the defendant, as in this case, himself presents an explanation of possession which the fact finder reasonably finds to be incredible. (*Housby*, 84 Ill. 2d at 430-31.) At trial, defendant claimed he merely received the proceeds of the offense, but was not involved in the burglary. The trial court, noting that it "had the opportunity to view *** the testimony of the witnesses and observe their demeanor while testifying, assess the credibility of the witnesses and the weight

to be accorded thereto," found defendant guilty and, in doing so, rejected defendant's notably incomplete version of events. Once defendant chose to explain his recent possession of the stolen items, the question became one of witness credibility and the *Housby* standard was satisfied.

Defendant argues that the facts of his case are analogous to those in *People v. Johnson* (1981), 96 Ill. App. 3d 1123, and *People v. Phoenix* (1981), 96 Ill. App. 3d 557. We disagree and find those cases to be factually distinguishable. Rather, the facts of this case are strikingly similar to those underlying our decision in *People v. Mallette* (1985), 131 Ill. App. 3d 67. *Mallette* involved a defendant who was discovered riding as a passenger in a vehicle which contained the proceeds of several recent burglaries. The burglarized premises, like the premises in this case, clearly had been broken into, and the subject vehicle was stopped shortly after the burglaries. Defendant argues that *Mallette* is distinguishable from his case because the court there considered that the defendant ultimately fled from the authorities. It is for this reason, however, that we find the present case to be analogous; defendant here attempted to conceal his involvement in the criminal activity at hand by providing a false statement to police about the ownership of the stolen items. As was the case in *Mallette*, the facts presented to the fact finder were sufficient to permit, though not to mandate, an inference that defendant had acquired the proceeds in question as a result of his participation in the underlying burglary. There was, therefore, sufficient evidence to support the burglary conviction.

For the foregoing reasons, the judgment of the circuit court of Kendall County is affirmed.

Affirmed.

McLAREN and QUETSCH, JJ., concur.