## A01A1966. RUFFIN v. THE STATE.
(556 SE2d 191)

MIKELL, Judge.

Lavar Ruffin was convicted of two counts of entering an automobile with intent to commit theft, two counts of theft by receiving stolen property, and three traffic offenses. He was sentenced to 17 years. After the trial court denied his motion for new trial, Ruffin filed the present appeal. For reasons explained below, we affirm in part and reverse in part.

1. Ruffin first argues that there was insufficient evidence to support his conviction for entering an automobile owned by William Koehler with intent to commit theft, as charged in Count 1 of the indictment. We agree.

Police technician Richard Campbell recovered two fingerprints belonging to Ruffin on the exterior of the vehicle near the driver's side window. This is the only evidence against Ruffin with respect to Koehler's automobile. Campbell testified that he recovered the fin-

---

gerprints of two other individuals from the same area of the vehicle. Further, there was no evidence demonstrating that Ruffin had been inside the vehicle or had stolen anything from Koehler's car.

OCGA § 16-8-18 prohibits entering an automobile with intent to commit theft. There is simply no evidence in the record showing that Ruffin entered Koehler's car. Therefore, we cannot conclude that the evidence was sufficient for a rational trier of fact to find Ruffin guilty of this particular offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Williams v. State*, 233 Ga. App. 217 (1) (504 SE2d 53) (1998). Accordingly, we reverse Ruffin's conviction as to Count 1.

2. Ruffin argues that Counts 2 and 4 of the indictment merged, and that the trial court erred in sentencing him separately for each offense. Ruffin has failed to cite any authority to support his merger argument in violation of Court of Appeals Rule 27 (c) (2), which provides that "[a]ny enumeration of error which is not supported in the brief by citation of authority or argument shall be deemed abandoned." However, we will consider the merits of Ruffin's argument. We also note that Ruffin's failure to object to the sentence at the time it was imposed does not preclude our review.

> [A] trial court is without subject matter jurisdiction to sentence on an offense that has merged into another offense as a matter of law and/or fact. Such a sentence would be a mere nullity because the conviction on a merged offense is against the law. An appeal may be taken from such a void sentence, even if no objection was made in the court below.

*Kinney v. State*, 234 Ga. App. 5, 7 (2) (505 SE2d 553) (1998). Count 2 of the indictment charged Ruffin with the offense of entering an automobile with intent to commit theft and alleged that Ruffin entered a truck owned by Martin Torres. OCGA § 16-8-18. Count 4 charged Ruffin with theft by receiving stolen property, for being in possession of the property stolen from Torres' truck. OCGA § 16-8-7 (a).

OCGA § 16-1-7 (a) prohibits multiple convictions for the same conduct; however, in the case sub judice the two offenses at issue involve different proscribed conduct, and each crime has distinctive elements which distinguish it from the other. See *Bogan v. State*, 177 Ga. App. 614, 617 (2) (340 SE2d 256) (1986). OCGA § 16-8-18 prohibits entering an automobile with intent to commit theft; whereas OCGA § 16-8-7 (a) provides that a person commits the offense of theft by receiving "when he receives, disposes of, or retains stolen property which he knows or should [have known] was stolen." Thus, the offenses as charged were separate and distinct.

However, we must also consider whether the offenses merged as a matter of fact based on the evidence presented.

> As with any factual merger question, the dispositive issue is whether the State "used up" its evidence in proving the crime: "The actual evidence test, in effect, means that if the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under OCGA § 16-1-6 (1)."

*Brown v. State*, 246 Ga. App. 60, 64 (1) (539 SE2d 545) (2000), citing *Montes v. State*, 262 Ga. 473, 474 (1) (421 SE2d 710) (1992). We conclude that the state "used up" the evidence that would establish Ruffin's guilt for Count 4 in proving Count 2.

The evidence adduced at trial shows that Torres left his truck at a mechanic's garage for repairs. While there, stereo equipment and other property were stolen from inside the truck. Approximately two weeks later, Torres was in a barbershop when Ruffin's co-defendant, Herman Bennett, announced that he and Ruffin had some equipment to sell. Torres followed Bennett to a parking lot, where the equipment was in a car driven by Ruffin. Torres recognized a screwdriver that belonged to him. He also saw a stereo amp that he recognized as his own, because he remembered "bending up" one corner of the amp during installation, and an equalizer that he had marked with black electrical tape. He offered to pay the men $275 for the equipment, and Ruffin accepted the offer. Torres told Ruffin and Bennett that he would call his wife to bring the money. He then returned to the barbershop and called the police. When Officer Rudy Chavez arrived on the scene, both defendants ran, and Ruffin was apprehended.

We have recognized that "[u]nexplained recent possession of stolen goods supports an inference that the accused committed the theft." (Punctuation omitted.) *Brown v. State*, 236 Ga. App. 478, 480 (1) (512 SE2d 369) (1999). See also *Sinclair v. State*, 248 Ga. App. 132, 133 (1) (546 SE2d 7) (2001). Thus, in the present case, the evidence summarized above was adequate for the jury to convict Ruffin of entering Torres' truck with intent to commit theft. See *Sinclair*, supra. In fact, Ruffin concedes in his appellate brief that "the evidence was sufficient to support one or the other charge."

However, we agree that the evidence demonstrating that Ruffin was in possession of Torres' recently stolen goods was "used up" and could not also be used to convict him of theft by receiving stolen property. While a defendant may be tried for both offenses under such circumstances, he may not be sentenced for both. *Chadwick v. State*,

236 Ga. App. 199, 202 (3) (511 SE2d 286) (1999). It follows that the theft by receiving charge merged with the charge of entering an automobile with intent to commit theft, and the court erred in sentencing Ruffin for both offenses. The sentence imposed for the theft by receiving conviction (Count 4) is hereby vacated. See *Kinney*, supra at 8 (2).

3. Finally, Ruffin challenges the sufficiency of the evidence with respect to his conviction of theft by receiving stolen property as charged in Count 3. That count alleged that Ruffin received a stolen 1988 Honda Accord, which was the property of Patricia Hemphill. We reject Ruffin's argument and affirm the conviction.

Viewed in the light most favorable to the jury's verdict, the evidence shows that the vehicle Ruffin was driving when he was arrested while attempting to sell Torres' stereo equipment was in fact stolen, and that it displayed a fictitious tag. Detective Randy Watson of the Columbus Police Department testified that the 1988 Honda Accord in Ruffin's possession had been stolen from Jackson, Mississippi, approximately two months earlier. Bennett testified that Ruffin told him the car had been a gift from his family, but Ruffin testified that he purchased the car from "a dude named Hamilton[;] his name was either Jeff or John Hamilton." He further testified that he was unable to locate Hamilton. Ruffin claimed to have received a bill of sale in connection with his purchase of the car; however, he did not produce it at trial. We conclude that the evidence provided ample support for the jury's verdict that Ruffin was guilty of theft by receiving stolen property. OCGA § 16-8-7 (a).

In summary, we reverse Ruffin's conviction of entering an automobile with intent to commit theft as charged in Count 1; we affirm his conviction of theft by receiving stolen property as charged in Count 3; and we vacate his sentence for theft by receiving stolen property as charged in Count 4. Ruffin's conviction and sentence on Count 2 are affirmed, as he did not challenge the sufficiency of the evidence as to that charge.

*Judgment affirmed in part and reversed in part. Sentence vacated as to Count 4. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED NOVEMBER 2, 2001.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Alonza Whitaker, Assistant District Attorney*, for appellee.