THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALBERT BEAUCHAMP, Defendant-Appellant.

First District (1st Division)   No. 1—07—2247

Opinion filed March 9, 2009.

GARCIA, J., dissenting.

Patricia Unsinn and Steven W. Becker, both of State Appellate Defender's Office, of Chicago, for appellant.

Anita Alvarez, State's Attorney, of Chicago (James E. Fitzgerald and John E. Nowak, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE ROBERT E. GORDON delivered the opinion of the court:

After a bench trial, defendant Albert Beauchamp appeals from his conviction for burglary. He contends the State failed to prove the element of entry and that we must reverse or, alternatively, reduce the conviction to theft. We modify the judgment to reflect a conviction for theft and remand for resentencing.

Pamela Little testified that she parked her 2004 Chevrolet Trailblazer sport utility vehicle (SUV) in a Metra parking lot on the morning of January 29, 2007. She went to pay for her parking spot and noticed a white vehicle had pulled in behind her SUV. When she pushed her vehicle alarm button on its remote control, instead of activating lights and beeps, nothing happened. She then observed a man standing at the hood of her vehicle. Little started screaming and ran across the street to a fire station where she told a police officer someone was trying to steal her SUV.

When Little returned to her vehicle, she saw that the lock to open the hatchback was gone, as well as the hatchback window.

On cross-examination, Little explained that with the push of a button on the back of the SUV, the window could be "lifted" up and "held" up by two hydraulic arms. The window could only open outward, away from the SUV.

Police officer Freddy Frazier testified that he was directed to the Metra parking lot, where flashing lights from the SUV caught his attention. Two men, later identified as defendant and Michael Jones, were entering a vehicle next to the SUV and attempting to start it. Frazier blocked the vehicle with his police vehicle. He saw a window in the vehicle's backseat. Looking at the SUV, Frazier noted the back window was missing. One hydraulic arm was on the ground, and one hydraulic arm was dangling from the vehicle, and the door lock was punched. Frazier concluded that the window in defendant's vehicle was the window from the back of the SUV. Later, Little confirmed that that window belonged to her SUV.

At the end of the State's case, defendant moved for a directed finding, arguing that the State failed to prove an "entry" into the SUV, a necessary element of burglary. Defendant contended there was no evidence that anyone needed to access the interior of the vehicle to remove the window. Defendant specifically argued that the State failed to prove that the hydraulic arms were attached to the interior of the window. The State countered that defendant must have reached into the SUV to remove the window from the frame, without any elaboration as to why that was the case.

After a break, the parties presented additional argument.

The State drew the court's attention to authorities holding that reaching under the hood of a vehicle to take its battery constituted an entry, as did reaching into the open flatbed of a truck to take an object lying in it. The State suggested that the instant case was similar, in that defendant and Jones would have had to reach into the vehicle to remove the window, even if the window had already opened out. The State argued that this had to have been the case, because Frazier testified that the arms were attached inside the SUV.

Defendant responded that Frazier merely testified that a hydraulic arm was dangling, without specifying whether from inside or outside of the SUV. He further argued that the window, in fact, would have been outside of the SUV at the time of its removal, because the button on the back of the vehicle moved the window away from the SUV's frame.

In ruling on defendant's motion, the court appeared to detect a frontal challenge as to whether the removal of a vehicle's window would ever constitute a burglary. The court concluded that removing a vehicle's window must generally constitute an entry because the object

removed has both "an inside and an outside." The court further, independently, determined that the punching of the door lock constituted an entry. Finally, the court ruled that the evidence showed the hydraulic arms were on the inside of the vehicle, so that an entry must have occurred to remove the window. The court then denied defendant's motion.

Following closing arguments, the court convicted defendant of burglary and sentenced him to three years of incarceration.

On appeal, defendant repeats his arguments from his motion for a directed finding: that no evidence directly demonstrates or allows an inference of an entry into Little's SUV, as required for a burglary conviction. The State, however, contends that we may infer an entry into the SUV by the short amount of time between the commission of the offense and police intervention, by defendant's possession of the window, and by the damage to the SUV. We find defendant's argument persuasive.

To determine whether sufficient evidence was presented to sustain a conviction, a reviewing court must consider all the evidence in the light most favorable to the State, and then determine if a rational trier of fact could have concluded that the State proved the elements of the crime charged beyond a reasonable doubt. *People v. Cox*, 195 Ill. 2d 378, 387 (2001). A reviewing court will not retry the defendant. *People v. Green*, 322 Ill. App. 3d 747, 754 (2001). In a bench trial, the trial judge serves as the trier of fact, determining the credibility of the witnesses and the weight to be given to their testimony and resolving any conflicts in the evidence presented. *People v. Slim*, 127 Ill. 2d 302, 307 (1989). Although the determinations of the trier of fact are not conclusive, they are entitled to great deference, so that a conviction will only be overturned where the evidence "is so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of defendant's guilt." *People v. Ortiz*, 196 Ill. 2d 236, 259 (2001).

■ "A person commits burglary when without authority he knowingly enters *** [a] motor vehicle *** or any part thereof, with intent to commit therein a felony or theft." 720 ILCS 5/19—1(a) (West 2006). Thus, "[t]he offense of burglary is complete when the illegal entry is made with the requisite intent." *People v. Moore*, 375 Ill. App. 3d 234, 239 (2007). Unlawful entry is "the essence of the crime" (*People v. Davis*, 3 Ill. App. 3d 738, 739 (1972)) and distinguishes the offense of burglary from theft which does not require an entry (*People v. Poe*, 385 Ill. App. 3d 763, 766, (2008)).

■ An "entry" may occur in one of two ways. First, any insertion of any body part by the offender into a statutorily designated area will constitute an entry. See *People v. Palmer*, 83 Ill. App. 3d 732, 736

(1980). Second, the insertion of an instrument into the designated space may constitute an entry, but only if the instrument is inserted "for the immediate purpose of committing the [intended] felony or aiding in its commission and not merely for the purpose of making an opening to admit the hand or body, or in other words, for the sole purpose of breaking." *Davis*, 3 Ill. App. 3d at 740. "[W]hether an entry is made depends upon the facts of an individual case." *Davis*, 3 Ill. App. 3d at 739.

In our view, the facts of this case parallel the facts of *Davis*. In *Davis*, police observed the defendant and two other men pounding a hole through the wall of a television store. The perpetrators then attempted to leave, but were stopped and arrested. *Davis*, 3 Ill. App. 3d at 739. In setting out our analytical framework for the defendant's burglary conviction, we stressed "[i]t is not the size of the hole [made in a building wall] that is determinative [in proving burglary] but *** whether a hand or instrument was actually inserted into the hole for the purpose of committing the felony." *Davis*, 3 Ill. App. 3d at 739. We vacated the burglary conviction and imposed a conviction for a lesser offense because the evidence showed no insertion of any part of the body, or an instrument for the purpose of committing a felony, through the hole in the store wall by any of the three men. *Davis*, 3 Ill. App. 3d at 740. In the case at bar, the evidence only shows the creation of means by which a body part or instrument might pass, not any actual passage.

There is no direct evidence that any part of defendant's person entered the interior of the vehicle while removing the window or that any tool wielded by defendant entered the SUV where his objective was to deprive Little of her possession of the vehicle's window. Further, what circumstantial evidence there is allows for no reasonable inference of such intrusion by defendant's body or a tool he employed into the interior of the vehicle during the removal of the window. Neither Little's nor Frazier's trial testimony established that the window's hydraulic arms were attached to the interior of the vehicle. In fact, Little's testimony suggested the opposite. She stated that the arms "lifted" the window up, implying an exterior hinging, as opposed to if the arms "pushed" the window up. If the hydraulic arms were on the exterior of the vehicle, then defendant would not have needed to enter the SUV to separate the window from the frame. Defendant could have pulled the window away from the SUV's frame by manipulating the arms. Moreover, if defendant could utilize the button on the back of the SUV after popping the lock, then, again, defendant would not have had to cross the threshold of the SUV's frame to remove the window.

While a fact finder would be free to draw different inferences from different facts and reject the inferences discussed above, the State provides no evidence allowing for contrary inferences that defendant must have passed a part of his body through the frame of the SUV to remove the window. On the evidence presented, any such determination could only be based on conjecture, which is not proof beyond a reasonable doubt. See *People v. Housby*, 84 Ill. 2d 415, 421 (1981) ("where the permissive inference stands unsupported by corroborating circumstances, the leap from the proved fact to the presumed element must satisfy the higher standard—proof beyond a reasonable doubt"); *Oldenstedt v. Marshall Erdman & Associates, Inc.*, 381 Ill. App. 3d 1, 17 (2008) (holding to infer negligence based on circumstantial evidence, " 'the circumstances [must be] of a nature and so related to each other that it is the only conclusion that can be drawn therefrom, and mere conjecture, guess or suspicion is insufficient.' [Citation.]"); *In re Keith C.*, 378 Ill. App. 3d 252, 260 (2007) (" 'The State must present sufficient evidence from which an inference of knowledge can be made, and any inference must be based upon established facts and not pyramided on intervening inferences.' [Citation.]").

There is a similar failure of proof with respect to the punching of the door lock. There is neither direct proof that any part of defendant's body went into the interior of the SUV while punching the lock nor are there any circumstances that suggest a bodily entry. Further, there is neither direct nor circumstantial evidence to support that defendant utilized an intruding tool for more than creating an opening when punching the lock.

Our determinations are consistent with factually close decisions in our sister jurisdictions. For example, in *People v. Jacob*, 55 A.D. 961, 391 N.Y.S.2d 165 (App. Div. 1977), the New York Supreme Court dismissed a burglary indictment against a defendant where someone entered a church through removing louvers from a window and the defendant's fingerprints were found on the louvers. Among other defects in the grand jury testimony supporting the indictment, the *Jacob* court observed that no evidence established whether the fingerprints were on the inside or outside surfaces of the louvers. Similarly, in *State v. Mitchell*, 332 S.C. 619, 506 S.E.2d 523 (App. 1998), the Court of Appeals of South Carolina reversed a burglary conviction for insufficient proof of entry where its defendant's thumbprint was detected on the exterior of a window screen apparently removed during the offense. The *Mitchell* court stressed that "the state's evidence did not disclose how the screen was removed, i.e. from the inside or

out." *Mitchell*, 332 S.C. at 623, 506 S.E.2d at 525.[1] Finally, the Court of Appeals of Texas reversed a burglary conviction in *Blevins v. State*, 6 S.W.3d 566, 569 (Tex. App. 1999), noting, where there was no other evidence tying the defendant to a residential burglary with an entry through a window, "[w]ithout testimony that [fingerprints were] found on the inside of the window, there is no evidence placing [the defendant] inside the habitation." Accord *Ruffin v. State*, 252 Ga. App. 289, 556 S.E.2d 191 (2001).

Each of these cases confirms the venerable principle of *Davis* that we apply in this case: there must be some evidence beyond the mere breaking, alteration, or removal of a means of entry into a statutorily protected space, like a window or screen door, to allow an inference that a defendant made an entry. See also *State v. McCall*, 4 Ala. 643 (1843) (holding there to be no entry where a defendant broke a home's outer blinds, but made no intrusion with a body part or instrument beyond the home's window); M. Wingersky, Clark & Marshall on Crimes §13.04, at 885-86 (6th ed. 1958) ("'To break open a door or window with intent to enter and commit a felony is not burglary, if no entry is in fact made ***'"). There must also be some evidence, direct or circumstantial, that the defendant broke the plane enclosing the protected space while creating his means of accessing that space. See *People v. Frey*, 126 Ill. App. 3d 484, 487 (1984) ("an unlawful entry may be accomplished by 'breaking the close' defined by the four sides, the bottom, and the imaginary plane extending atop the sides and parallel to the bottom"); *State v. Berglund*, 65 Wash. App. 648, 652, 829 P.2d 247, 249 (1992) (affirming burglary conviction where fingerprints on the inside of a windowpane could not be made without the defendant's hands "breaking the plane between the inside and outside of the building"); *State v. Coleman*, 147 Ariz. 578, 711 P.2d 1251 (App. 1985) (affirming burglary conviction where window glass from a burgled home had the defendant's fingerprints on both sides of the glass).[2]

The authorities the State directs us to do not, in fact, support an opposite conclusion. The State argues we must apply the test for the sufficiency of circumstantial evidence of burglary set forth in *Housby*, and contends we can only hold in its favor if we do so. *Housby* held there to be sufficient, circumstantial proof of burglary if

---

[1]We note that *Mitchell* would counter the circuit court's reasoning that whenever an object with an inside and outside surface was removed an entry necessarily occurred.

[2]We emphasize that, although each of the foreign authorities involved fingerprint evidence, such evidence is not essential to circumstantially prove burglary.

"(i) there was a rational connection between his recent possession of property stolen in the burglary and his participation in the burglary; (ii) his guilt of burglary is more likely than not to flow from his recent, unexplained and exclusive possession of burglary proceeds; and (iii) there was evidence corroborating [his] guilt." *Housby*, 84 Ill. 2d at 424.

However, *Housby* and its progeny all address circumstances where there has indubitably been an entry with unlawful intent and the question is whether the available circumstantial evidence, specifically surrounding possession of stolen goods, ties the defendant to that entry, not whether circumstantial evidence establishes the entry in the first place. See, *e.g., People v. Caban*, 251 Ill. App. 3d 1030, 1031 (1993) (victim discovered side door to her home broken down and items missing after "[a] search of the house"); *People v. Carter*, 197 Ill. App. 3d 1043 (1990) (liquor store window was broken; blood was on the window, as well as on two cases of liquor by the window; the defendant had cuts on his hands and had possession of a case of liquor the store owner identified as coming from his store). In attempting to argue *Housby*, the State, here, makes the same assumption of an entry and ignores that the question raised by defendant in this appeal is whether he ever effected an entry into Little's SUV.

■ We, therefore, hold that the State failed to carry its burden and that, even drawing presumptions in favor of the State, there is a reasonable doubt as to whether defendant committed burglary. We note that this holding creates no new law nor does it impose any greater burdens on the State in future burglary prosecutions that now exist. With but the smallest amount of additional testimony surrounding the hydraulic arms, the State could likely have obtained a valid burglary conviction in this case. As an example, the prosecutor in *Penrice v. State*, 716 S.W.2d 107 (Tex. App. 1986), established an entry, where the defendant was observed removing a "T-Top" from a vehicle, by presenting testimony that the T-Top was latched from the inside and could only be unlatched from the inside, and the T-Top latches were in working order with no signs of having been forced or pried after the top was recovered. But, it is not our role to distort the record, or to draw unsupported conclusions, in order to tip the scale in the State's favor.

The dissent concludes that "[s]hort of suctioning the rear window off the vehicle, it is a physical impossibility to remove the hatchback without gaining at least minimal access to the protected interior, or the close, of the vehicle." 389 Ill. App. 3d at 20. If that is the case, then the State should have presented evidence that (1) the owner had no problems with her rear window prior to the incident (2) that it is

physically impossible to remove the hatchback window without graining at least minimal access to the vehicle. The State offered no such evidence in this case.

Having determined that defendant's conviction for burglary cannot stand, the question still remains as to what should be his relief: outright reversal, or the imposition of a conviction for a lesser offense pursuant to our authority under Supreme Court Rule 615(b)(3). 134 Ill. 2d 615(b)(3); see also *Davis*, 3 Ill. App. 3d at 740 (reducing conviction to attempted burglary where insufficient proof of burglary, and remanding for resentencing). As previously noted, defendant suggests theft is the appropriate offense of conviction, and the State has made no counter-suggestion, arguing exclusively for affirmance. We agree that, while the State failed to prove defendant guilty of burglary, the evidence it presented at trial clearly proved his guilt of theft. See *People v. Echols*, 382 Ill. App. 3d 309, 314 (2008) (elements of theft are: (1) the intent to obtain unauthorized control over the property of another and (2) the intent to permanently deprive the other person of the use or benefit of the property). Defendant obtained control over the back window of Little's SUV and, by placing it in his own vehicle and attempting to drive away, demonstrated an intent to permanently deprive Little of the use and benefit of the window. Accordingly, we believe defendant should receive a conviction of theft for this offense.

For all the foregoing reasons, we modify the judgment to reflect a conviction of theft and remand the cause to the circuit court for resentencing.

Judgment modified and cause remanded for resentencing.

WOLFSON, J., concurs.

JUSTICE GARCIA dissenting:

I concur with the circuit court judge that sufficient evidence was introduced to establish that the defendant made an entry to the motor vehicle by removing the vehicle's hatchback window, which the victim identified in the defendant's possession, and was therefore guilty of burglary. That the defendant committed the more serious offense of burglary to a motor vehicle, a Class 2 felony, rather than theft, a Class 3 felony, as the majority holds, is consistent with the burglary statute's design "to deter unauthorized entry into any part of a motor vehicle." *People v. Parham*, 377 Ill. App. 3d 721, 730, 879 N.E.2d 1024 (2007).

The common law provides a test for determining whether an entry has been made. "[A]n unlawful entry may be accomplished by 'breaking the close,' defined by the four sides, the bottom, and the imaginary

plane extending atop the sides and parallel to the bottom." *Parham*, 377 Ill. App. 3d at 730, quoting *People v. Frey*, 126 Ill. App. 3d 484, 487, 467 N.E.2d 302 (1984). That test was met here.

It is uncontested that the hydraulic arms securing the rear window were broken, with one hydraulic arm on the ground, and one dangling from the window. The hydraulic arms lift the hatchback window and, by necessity, are secured to the inside of the vehicle. Short of suctioning the rear window off the vehicle, it is a physical impossibility to remove the hatchback window without gaining at least minimal access to the protected interior, or the close, of the vehicle. Even if the hatchback window had been left open, the imaginary plane extending from body of the vehicle to the outer edge of the hatchback window would have to have been broken by the fingers of the defendant, or his accomplice, to have removed the window from the vehicle. See *People v. Dail*, 139 Ill. App. 3d 941, 943, 488 N.E.2d 286 (1985) (the defendant's arms and hands entered a part of the car in the course of stealing the car's battery).[3] In my judgment, it was a question for the trier of fact to determine whether the hatchback window could be removed without "breaking the close," an occurrence which I find physically impossible. That an unlawful entry occurred here is also circumstantially supported by the punched lock on the rear door. See *People v. Carmona-Olvara*, 363 Ill. App. 3d 162, 168, 842 N.E.2d 313 (2005) (while lack of forced entry casts doubt on proof of burglary, evidence was sufficient for retrial).

While unstated, it is clear the majority has a contrary view on whether it is possible to remove the hatchback window without breaking the close. But it was up to the defendant to so persuade the trier of fact. I am unpersuaded that the reasonable inference drawn by the trier of fact that the defendant made an entry into the vehicle in the course of removing the hatchback window is somehow unsupported by the evidence. See *People v. Milka*, 211 Ill. 2d 150, 178, 810 N.E.2d 33 (2004) ("The weight to be given witnesses' testimony, the witnesses' credibility, and the reasonable inferences to be drawn from the evidence, are all the responsibility of the fact finder").

Finally, I find *People v. Davis*, 3 Ill. App. 3d 738, 279 N.E.2d 179

---

[3]While it is unnecessary to go this far in this case, it is not inconsistent with common sense or the language of the statute that a burglary is committed whenever a part of a vehicle essential to protect its interior is removed, such as the hatchback window here. The essential language of the statute dealing with burglary to a motor vehicle is "any part thereof." Certainly, the hatchback window is a part of the vehicle. If the door to a vehicle is left unlocked, opened and the door itself removed by an accused, does the majority really mean to say that no burglary to a vehicle occurred?

(1972), inapposite. In *Davis*, the court determined that the facts only supported that the defendant committed the inchoate offense of attempted burglary to a commercial building. As the *Davis* court observed, "Nothing was disturbed or missing from the store." *Davis*, 3 Ill. App. 3d at 739. Here, the vehicle was disturbed as the lock on the hatchback was punched out and the vehicle was missing the hatchback window. The *Davis* court also concluded, "It is not the size of the hole that is determinative but rather, in our opinion, it is whether a hand or instrument was actually inserted into the hole for the purpose of committing the felony." *Davis*, 3 Ill. App. 3d at 739. Here, the punched-out lock is persuasive proof that an instrument was inserted into the lock hole for the purpose of gaining entry into the hatchback of the vehicle. I do not find the facts in this case to parallel the facts in *Davis*.

I dissent.