■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE JENKINS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Friedlander, J.), rendered March 20, 1984, convicting him of assault in the second degree and burglary in the second degree, after a nonjury trial, and imposing sentence.

Judgment affirmed.

Defendant contends that the discovery of his fingerprint upon an envelope in a drawer of the private office of the burglarized premises was insufficient to exclude to a moral certainty all reasonable hypotheses of his innocence. We disagree. There was expert testimony to the effect that such a print would last only 24 to 48 hours. Defendant's own Grand Jury testimony was admitted into evidence, wherein he asserted that he never had any dealings with nor mailed anything to the businesses located on the premises and this testimony was confirmed by testimony of the proprietor of these businesses. There was further testimony to the effect that envelopes like the one in question came onto the premises only through controlled purchases, that they were never distributed to outsiders, and that no outsider had brought anything onto the premises in such an envelope within the past 15 years. There was also testimony that these envelopes were used, *inter alia,* for keeping old parts which had been replaced in apartments by the property management company which occupied the burglarized office, and that the envelope

contained such parts when discovered by police crime scene personnel.

Finally, there was testimony that the man who occupied the desk wherein the envelope was found did not work at all on the day of the incident, a Tuesday. None of the prosecution's evidence was contradicted. This evidence is sufficient to exclude to a moral certainty all reasonable hypotheses of defendant's innocence *(see, People v Gates,* 24 NY2d 666; *People v Yancey,* 24 NY2d 864; *People v Hall,* 89 AD2d 898).

We also reject defendant's contention that the rationale of *Bruton v United States* (391 US 123) should be extended and applied to this nonjury trial. The Trial Judge repeatedly and explicitly stated on the record that admissions of a nontestifying codefendant would not be considered as against defendant. The Judge's memorandum decision denying defendant's motion to set aside the verdict does not refer to or rely on the codefendant's admissions. Under these circumstances, we will not assume that the Trial Judge improperly considered those admissions in convicting defendant. In any event, the competent evidence adduced against defendant was overwhelming, and there is no reasonable possibility that the admission of the statements in question contributed to his conviction *(see, People v Amato,* 99 AD2d 495, 497).

We have examined defendant's remaining contentions and find them to be without merit. Lazer, J. P., Thompson, Weinstein and Niehoff, JJ., concur.