■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD COLLINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Huttner, J.), rendered November 24, 1986, as amended by a judgment of the same court, rendered January 20, 1987, convicting him of burglary in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

"[I]n order to establish a defendant's guilt beyond a reasonable doubt on the basis of exclusively circumstantial proof, 'the hypothesis of guilt should flow naturally from the facts proved, and be consistent with them; and the facts proved must exclude "to a moral certainty" every hypothesis of innocence' " *(People v Piazza,* 48 NY2d 151, 158, quoting from *People v Benzinger,* 36 NY2d 29, 32; *People v Wachowicz,* 22 NY2d 369, 372). The only evidence tending to establish the defendant's guilt was the presence of his fingerprints on the bottom of a jewelry box which had been taken from the complainant's apartment. However, since the jewelry box was recovered outside of the complainant's apartment in an area which was accessible to the public, it cannot be said that the evidence excluded to a moral certainty every hypothesis of innocence. Thus, it was not legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Jacob,* 55 AD2d 961; *cf., People v Jenkins,* 115 AD2d 562). Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.