■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME BELLAMY, Also Known as JEROME BELLANY, Appellant.

[680 NYS2d 481] —Judgment, Supreme Court, New York County (Allen Alpert, J., at suppression hearing; Edwin Torres, J., at jury trial and sentence), rendered March 29, 1995, convicting defendant of one count each of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the third degree, four counts of attempted robbery in the first degree, and two counts of attempted robbery in the second degree, and sentencing him, as a second felony offender, to an aggregate prison term of 27½ to 55 years, unanimously affirmed.

The hearing court properly denied the suppression motion. The totality of the chain of events gave the police officers reasonable suspicion justifying defendant's detention. The officers' observation of defendant and the codefendant running down the street in the early morning hours with the codefendant carrying what appeared to be a woman's handbag, together with their nervous behavior and separation upon seeing the patrol car, defendant's furtive gesture to his waistband as if he were discarding something, the codefendant's voluntary statement that he found the handbag, and both defendants' inability, as sufficiently documented in the record, to explain where they found the bag, justified their brief detention in order to determine whether any crimes had just been reported in the vicinity (*see, People v Hicks,* 68 NY2d 234).

We reject defendant's contention that, pursuant to Penal Law § 70.25 (2), the court was required to impose concurrent sentences for defendant's convictions under the counts involving the simultaneous attempted robberies of two of the victims. Defendant's accomplice liability for the conduct of his codefendant in attempting to take property is a separate act apart from his own criminal conduct, such that consecutive sentences may be imposed (*People v Willard,* 226 AD2d 1014, *lv denied sub nom. People v Johnson,* 89 NY2d 924; *People v Williams,* 141 AD2d 783, *lv denied* 72 NY2d 1051). We perceive no abuse of sentencing discretion. Concur—Nardelli, J. P., Rubin, Tom and Mazzarelli, JJ.