■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK JOHNSON, Appellant. [735 NYS2d 704] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the Grand Jury proceeding was defective because the People failed to comply with the provisions of the Criminal Procedure Law concerning defense witnesses (*see*, CPL 190.50 [3], [6]; 210.20 [1] [c]; 210.35 [5]). In this case, defense counsel wrote to the prosecutor asking him to "speak"

with an alibi witness and supplying the witness's pager number. Although defense counsel expected the prosecutor to subpoena the witness, the prosecutor advised defense counsel on the day before defendant was to testify before the Grand Jury that, if the alibi witness appeared on the following day, he would ask the Grand Jury members if they wished to call her. The witness did not appear, and defendant testified before the Grand Jury concerning his alibi defense.

Although a Grand Jury proceeding is defective when it "fails to conform to the requirements of article one hundred ninety [concerning Grand Jury proceedings] to such degree that the integrity thereof is impaired and prejudice to defendant may result" (CPL 210.35 [5]), here there was no "articulable 'likelihood of' or at least 'potential for' prejudice" to defendant (*People v Adessa*, 89 NY2d 677, 686; *see, People v McCullough*, 141 AD2d 856, 857-858, *lv dismissed* 73 NY2d 924). Defendant presented his alibi defense to the Grand Jury, which could have requested the witness's testimony if it had wished to do so (*see,* CPL 190.50 [3]). In any event, defendant did not have a true alibi defense with respect to the first incident, because his defense did not exclude the possibility that he could have been at the location of the first incident at the time alleged by the victim. In addition, the alibi defense contradicted in important ways defendant's own exculpatory statement to police that was the subject of a police officer's testimony before the Grand Jury.

Defendant failed to preserve for our review his further contention that reversal is required based on County Court's alleged failure to disclose to defense counsel the contents of a jury note that arrived only 15 minutes prior to another jury note announcing a unanimous verdict, and the court's alleged failure to respond meaningfully to that note. "[C]ounsel's silence at a time when any error by the court could have been obviated by timely objection renders the [contention] unpreserved" (*People v Starling*, 85 NY2d 509, 516; *see, People v Schojan*, 272 AD2d 932, 934, *lv denied* 95 NY2d 871).

The verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The court did not err in imposing consecutive sentences on the two counts of robbery in the second degree (*see,* Penal Law § 160.10 [1]). Those counts arose from a robbery committed by defendant and a robbery committed simultaneously by another individual, for which defendant had accomplice liability (*see, People v Bellamy*, 254 AD2d 188, 189, *lv denied* 92 NY2d 980; *People v Williams*, 114 AD2d 683, 685). Finally, the sentence is not unduly harsh or severe. (Appeal from Judgment of Monroe County Court, Bris-

tol, J.—Robbery, 2nd Degree.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Gorski, JJ.