OPINION OF THE COURT
Ronald J. McGaw, J.
Defendant is charged with auto stripping in the third degree in violation of Penal Law § 165.09, and criminal mischief in the *886 fourth degree in violation of Penal Law § 145.00. The evidence allegedly consists primarily of the defendant’s fingerprints which were found on and above the driver’s door handle, as well as on other areas of the vehicle.
Defendant has moved for his release pursuant to Criminal Procedure Law § 170.70 on the basis that “fingerprints found on an item that was accessible to the general public [are] not sufficient to convict” a defendant, and therefore not sufficient to sustain the formation of an information.* The defendant states that the Appellate Division, Second Department, “has twice ruled that fingerprints found on an item that was accessible to the general public [are] not sufficient to convict,” and cites two cases in support of this statement.
In one case cited by the defendant, the only evidence tending to establish guilt consisted of fingerprints found on a jewelry box recovered outside the complainant’s apartment in an area accessible to the public. In this circumstance, the Appellate Division ruled that such evidence “was not legally sufficient to establish the defendant’s guilt beyond a reasonable doubt.” (People v Collins, 150 AD2d 476, 476 [2d Dept 1989].) The judgment of conviction was reversed and the indictment dismissed.
In the second case cited by the defendant, the evidence presented to a grand jury consisted largely of the testimony of a detective who had investigated the alleged burglary of a church. (People v Jacob, 55 AD2d 961 [2d Dept 1977].) As stated by the Court:
“[E]ntry had been gained by means of the removal of louvers from a window at the side of the building. The window was in a ‘fenced-in area’; access could only be had by climbing over a 12-foot-high wall and fence . . . [The detective] processed the louvers for fingerprints and discovered two prints which were subsequently identified as belonging to the defendant. This evidence, even though unexplained and uncontradicted, would not warrant a conviction by a trial jury. The evidence against the defendant was circumstantial and we are unable to conclude that the evidence adduced did ‘exclude “to a moral certainty” every hypothesis but guilt.’ ” (Id. [cita *887 tion omitted].)
In the opinion of this court, the cases cited by the defendant do lend credence to the assertion that “fingerprints found on an item that was accessible to the general public [are] not sufficient to convict.” No cases were cited by the People in response to the defendant’s assertion.
Despite defendant’s assertion, however, this court’s own research suggests that the issue is not settled. The Appellate Division, Second Department, has ruled to the contrary on at least three occasions.
In People v Vasquez (131 AD2d 523, 523 [2d Dept 1987]), the Court upheld convictions of burglary and petit larceny where the evidence consisted of four fingerprints found on exterior panes of glass. As stated by the Court:
“The trial evidence established that the outside storm door of the home had been removed from its hinges to gain access to the basement door . . . The only explanation for the presence of the defendant’s fingerprints under such circumstances was that the prints were made by him in the process of pushing out the panes of glass in the door in order to burglarize the premises. The circumstantial evidence was sufficient to establish the defendant’s guilt beyond a reasonable doubt and to exclude to a moral certainty every reasonable hypothesis of innocence.”
Additionally, in People v Riddick (130 AD2d 780, 780 [2d Dept 1987]), the Court upheld a burglary conviction based solely upon exterior fingerprint evidence. As stated by that Court:
“We find no merit to the defendant’s contention that the prosecution failed to prove his guilt beyond a reasonable doubt because it relied solely upon fingerprint evidence. The . . . entry into the burglarized offices was accomplished by breaking the exterior doors and . . . the fingerprints found on these doors matched the defendant’s. There was no indication that the fingerprints were placed there innocently.”
Finally, in People v Klein (156 AD2d 385 [2d Dept 1989]), the Court again upheld a burglary conviction based on exterior fingerprint evidence. As the Court stated in that case:
“The trial evidence established that both burglarized residences were entered through bedroom *888 windows, and that the fingerprints found on those windows matched the defendant’s fingerprints. There was no indication that the fingerprints were placed there innocently. Therefore, the jury was justified in finding the defendant guilty beyond a reasonable doubt.” (Id.)
These cases strongly suggest to this court that exterior fingerprints may, under certain circumstances, be deemed sufficient for conviction. Among the circumstances mentioned by the higher court as possibly supporting conviction is the lack of any indication that such fingerprints were placed at the scene innocently.
Under the circumstances set forth here — the defendant’s fingerprints found on the door handle of the vehicle, and no indication suggesting that said fingerprints were placed there innocently — it is the opinion of this court that the accusatory instruments and supporting depositions alleged facts which, if proved, could lead to conviction. As such, the accusatory instruments in this case constitute valid informations, and the defendant’s application for release pursuant to CPL 170.70 is denied.

 The defendant also asserts a discrepancy between the accusatory instrument’s alleged date of the incident and that asserted in the supporting deposition of Steven Ciferri. In the opinion of the court, that discrepancy was clearly the result of a clerical error, and indeed the discrepancy has since been corrected by the filing of a corrected supporting deposition.