THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME PERSON, Appellant. [903 NYS2d 525]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered June 24, 2008, convicting him of burglary in the second degree and criminal mischief in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indict-

ment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

In considering whether the evidence was legally sufficient to support the defendant's conviction, we must view the facts in a light most favorable to the prosecution, give the People the benefit of every reasonable inference to be drawn from the evidence, and assume that the jury credited the prosecution's witnesses (*see People v Ford*, 66 NY2d 428, 437 [1985]; *People v Way*, 59 NY2d 361, 365 [1983]; *People v Kennedy*, 47 NY2d 196, 203 [1979]).

Here, the evidence adduced at trial demonstrated that on December 4, 2004, at approximately 10:30 P.M., the complainant's home in Queens was burglarized. The People's witnesses established, inter alia, that the complainant's home alarm system had been triggered, sliding glass doors providing entry to a sun room located in the rear of the house and a window in the sun room leading into the main house had been smashed, and a box normally kept in the complainant's bedroom was found on the kitchen table. Further, a hatchet that did not belong to the complainant was found lying on the ground in the rear yard at the entrance to the sun room. The only evidence proffered by the People connecting the defendant to the burglary was DNA recovered from a cigarette butt found near the shattered glass doors next to the hatchet (*see e.g. People v Collins*, 150 AD2d 476 [1989]). The DNA recovered from the cigarette butt matched the defendant's profile in the New York State DNA database.

In our view, that evidence alone was insufficient to sustain the convictions of burglary in the second degree (*see* Penal Law § 140.25 [2]) and criminal mischief in the second degree (*see* Penal Law § 145.10) beyond a reasonable doubt. The standard of appellate review in determining whether the evidence before the jury was legally sufficient to support a finding of guilt beyond a reasonable doubt is the same for circumstantial and noncircumstantial cases, that is, whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt (*see People v Grassi*, 92 NY2d 695, 697 [1999]; *People v Feola*, 40 AD3d 874, 875 [2007]). While we agree that DNA "can provide strong evidence of a person's presence at and participation in a criminal act" (*People v Wesley*, 83 NY2d 417, 421 [1994]), where as here, the DNA was found "on . . . a readily moveable object [it is] of questionable probative value . . . unless the proof showed [it was left] . . . only during

the commission of the crime" (*United States v Van Fossen*, 460 F2d 38, 40 [1972]).

To warrant conviction, the trier of fact must be able to reasonably infer from the circumstances that the cigarette butt containing the defendant's DNA was left at the complainant's back door when the crime was committed (*see People v Collins*, 150 AD2d 476 [1989]). The central inference that the defendant was present at the complainant's home at the time of the burglary could be drawn only from the discovery of the cigarette butt on which his DNA was found. There was absolutely no proof, however, regarding how and when the cigarette butt was left (*see People v Vitalis*, 67 AD2d 498, 504 [1979]; *People v Henderson*, 53 AD2d 984, 987 [1976]; *People v Brooks*, 92 AD2d 1035, 1035-1036 [1983]; *People v Jacob*, 55 AD2d 961 [1977]). Further, the fact that the cigarette butt was found in the rear yard *outside* the house, albeit near the hatchet and the shattered glass doors, is subject to innocent inferences notwithstanding, inter alia, the existence of bushes and trees around the perimeter of the house (*cf. People v Serrano*, 55 AD3d 450, 451 [2008]). Moreover, any implication that the defendant did not provide a reasonable explanation for the presence of his DNA at the crime scene would serve impermissibly to shift the burden of proof (*see generally People v Copeland*, 124 AD2d 669 [1986]; *People v Vera*, 94 AD2d 728 [1983]).

In light of our determination, the defendant's remaining contentions have been rendered academic. Skelos, J.P., Santucci, Leventhal and Hall, JJ., concur.