# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

498

KA 09-02475

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, SCONIERS, AND VALENTINO, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

DANIEL L. ROSS, ALSO KNOWN AS JOHN DOE,
DEFENDANT-APPELLANT.

LORENZO NAPOLITANO, ROCHESTER, FOR DEFENDANT-APPELLANT.

DANIEL L. ROSS, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL),
FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered August 20, 2009. The judgment convicted defendant, upon a jury verdict, of rape in the first degree (two counts), criminal sexual act in the first degree (two counts) and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of rape in the first degree (Penal Law § 130.35 [1]), two counts of criminal sexual act in the first degree (§ 130.50 [1]), and assault in the second degree (§ 120.05 [2]). The conviction arises out of the forcible rape of the 48-year-old victim by defendant and the codefendant, which culminated in the victim being stabbed three times and left for dead.

We reject defendant's contention in his main brief that the conviction is not supported by legally sufficient evidence inasmuch as his conviction is based solely on DNA evidence obtained from a readily moveable object, i.e., a condom left at the scene (*see People v Person*, 74 AD3d 1239, 1240-1241, *lv denied* 17 NY3d 799). The DNA sample matching defendant's DNA was collected from that condom, and the victim's DNA also matched a sample taken from the condom. Moreover, the victim credibly testified that she was raped by two attackers, one of whom matched defendant's description, and testimony from police officers supported the conclusion that the condom had been recently left at the scene (*see People v Gibson*, 74 AD3d 1700, 1703, *affd* 17 NY3d 757; *People v Dearmus*, 48 AD3d 1226, 1228, *lv denied* 10 NY3d 839; *see also People v Rush*, 242 AD2d 108, 110, *lv denied* 92 NY2d

860, *reconsideration denied* 92 NY2d 905).

Defendant's further contention in his pro se supplemental brief that the conviction otherwise is not supported by legally sufficient evidence is not preserved for our review (*see generally People v Gray*, 86 NY2d 10, 19), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Contrary to defendant's contention, the indictment is not multiplicitous. He was charged in count one with raping the victim as a principal and, in count two, for acting as an accomplice in the codefendant's rape of the victim. Those are distinct criminal acts, and the People therefore properly charged them as separate counts (*see generally People v Smith*, 27 AD3d 242, 243-244, *lv denied* 7 NY3d 763; *People v Johnson*, 289 AD2d 1008, 1009, *lv denied* 97 NY2d 756). Contrary to defendant's further contention, the indictment is not duplicitous inasmuch as there was no evidence adduced at trial that he had committed more than one rape or criminal sexual act in his capacity as a principal or as an accomplice (*see People v Keindl*, 68 NY2d 410, 417-418, *rearg denied* 69 NY2d 823; *see also* CPL 200.30 [1]; *People v Alonzo*, 16 NY3d 267, 269). Furthermore, defendant's contention that he prevented the codefendant from continuing to stab the victim is unsupported by the trial testimony and, in any event, is irrelevant to the issue of his guilt of the crimes charged.

Although defendant was subjected to custodial interrogation when he gave his written statement to the police, it is undisputed that he had previously waived his *Miranda* rights, and we therefore conclude that his statement was voluntary (*see generally People v Brooks*, 26 AD3d 739, 740, *lv denied* 6 NY3d 846, *reconsideration denied* 7 NY3d 810). We further conclude that defendant's subsequent refusal to sign the written statement did not render invalid the knowing, intelligent and voluntary nature of the statement (*see People v Barksdale*, 140 AD2d 531, 532, *lv denied* 72 NY2d 915). That conclusion is supported by the testimony of one of the officers at the suppression hearing that defendant had confirmed the accuracy of the statement after the officer had read it back to him. Moreover, the statement was of an exculpatory nature, and thus there is no basis for inferring that defendant did not want his denials to the allegations against him to be documented by the police.

With respect to defendant's contention in both his main and pro se supplemental briefs that he was deprived of effective assistance of counsel, we note as an initial matter that we use only the state standard for ineffective assistance of counsel where a defendant contends that he received ineffective assistance of counsel under both the state and federal standards (*see People v Stultz*, 2 NY3d 277, 282, *rearg denied* 3 NY3d 702; *People v Henry*, 95 NY2d 563, 565-566; *cf. People v McDonald*, 1 NY3d 109, 114-115; *see generally People v Baldi*,

54 NY2d 137, 147).  Applying that standard, we conclude that defendant's contention is without merit.  First, with respect to defendant's contention that defense counsel failed to call a DNA expert to refute the People's proof, we conclude that he failed to " 'demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712).  Indeed, the record suggests that an expert was, in fact, consulted, and that defense counsel deliberately decided not to call him to testify (*see generally People v Sprosta*, 49 AD3d 784, 785, *lv denied* 10 NY3d 871).

Second, contrary to defendant's further contention, defense counsel was not ineffective in failing to request a missing witness charge, inasmuch as such request would have had little or no chance of success (*see People v Savinon*, 100 NY2d 192, 197; *see generally Stultz*, 2 NY3d at 287).  Third, defendant's assertion that defense counsel failed to join in the codefendant's discovery motion and failed to advise defendant of the ramifications of rejecting the People's plea offer, involve matters outside the record on appeal, and "the proper procedural vehicle for raising those contentions is a motion pursuant to CPL 440.10" (*People v Archie*, 78 AD3d 1560, 1562, *lv denied* 16 NY3d 856).  Defendant's remaining contentions concerning ineffective assistance of counsel lack merit.  The evidence, the law, and the circumstances of this particular case, viewed in totality and as of the time of the representation, reveal that defense counsel provided meaningful representation (*see generally Baldi*, 54 NY2d at 147).

Contrary to defendant's contention, the sentence is not unduly harsh and severe.  Defendant failed to preserve his further contention that, "in determining the sentence to be imposed, the court penalized him for exercising his right to a jury trial, inasmuch as [he] failed to raise that contention at sentencing" (*People v Stubinger*, 87 AD3d 1316, 1317, *lv denied* 18 NY3d 862).  In any event, the "mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial" (*id.*).  Furthermore, we conclude that the court did not err in sentencing him to a consecutive term of incarceration for the assault conviction (*see People v Smith*, 269 AD2d 778, 778, *lv denied* 95 NY2d 804).

Finally, defendant's contention that prosecutorial misconduct on summation deprived him of a fair trial is unpreserved for our review (*see People v Klavoon*, 207 AD2d 979, 980, *lv denied* 84 NY2d 908; *see generally People v Thompson*, 59 AD3d 1115, 1117, *lv denied* 12 NY3d 860).  In any event, the court sustained the codefendant's objection to one of the contested comments and provided a limiting instruction in that regard (*see People v Hawkes*, 39 AD3d 1209, 1210, *lv denied* 9 NY3d 845), and the other remark constituted "a fair response to defense counsel's summation, and/or a fair comment on the evidence" (*People v Ward*, 107 AD3d 1605, 1606, *lv denied* 21 NY3d 1078; *see*

*generally People v Halm*, 81 NY2d 819, 821).

Entered:  June 20, 2014                    Frances E. Cafarell
                                           Clerk of the Court